PROSECUTING ATTORNEY, *ex rel.* MACKENZIE, *v.* KNIGHT.

1. APPEAL AND ERROR—JURISDICTION—TITLE TO OFFICE—RECOUNT.
   Question of jurisdiction of circuit court to try right to office of a superintendent of the poor because plaintiff failed to seasonably demand a recount is not reviewed, where defendant did not appeal.

2. ELECTIONS—THREE SUPERINTENDENTS OF THE POOR—MARKING OF BALLOTS.
   Ballots for three county superintendents of the poor, which contained names of three candidates on republican ticket and two names on democratic ticket and which were marked with cross in circle at head of democratic ticket and also in circle before name of one candidate on republican ticket whose name was opposite that of a democratic candidate, were properly counted as votes for three candidates (1 Comp. Laws 1929, § 3111, as amended by Act No. 297, Pub. Acts 1931).

Appeal from Livingston; Collins (Joseph H.), J. Submitted March 2, 1934. (Docket No. 147, Calendar No. 37,771.) Decided April 3, 1934.

Proceedings in the nature of *quo warranto* by Jay P. Sweeny, prosecuting attorney, on the relation of Andrew MacKenzie, to try title of Frank G. Knight to the office of a superintendent of the poor of Livingston county. Judgment for defendant. Plaintiff appeals. Affirmed.

*Shields & Smith,* for plaintiff.

*Don W. VanWinkle,* for defendant.

WIEST, J. Plaintiff, by information in the nature of *quo warranto,* brought to trial the right of defendant to the office of superintendent of the poor

for Livingston county. Judgment of ouster was denied and plaintiff reviews by appeal.

Defendant attacked the jurisdiction of the circuit court on the ground that plaintiff failed to seasonably demand a recount of the election ballots. The case was heard on its merits, so determined and, defendant not having appealed, we have no occasion to pass upon the point.

Three superintendents of the poor were to be elected in Livingston county by voters. The ballot contained the names of three republican and two democratic candidates. Andrew MacKenzie's name was on the republican ticket, opposite the name of Frank G. Knight on the democratic ticket. Voters had a right to vote for any three candidates. Some voters made a cross in the circle at the head of the democratic ticket and also a cross in the circle before the name of Mr. MacKenzie on the republican ticket. The question is whether this was a vote for Mr. MacKenzie and not as well a vote for Mr. Knight. Such a vote was for three candidates only and within the right of the voter. Had the democratic ticket carried the names of three candidates then the cross in the square before the name of Mr. MacKenzie would be counted for him and not as well for Mr. Knight.

The statute, 1 Comp. Laws 1929, § 3111, as amended by Act No. 297, Pub. Acts 1931, provides:

"When two or more candidates are to be elected to the same or like office, such as circuit court commissioners, etc., and the voter desires to vote for a candidate or candidates not on his party ticket for such office, he must mark a cross in the circle under his party name, and mark a cross in the square before the name or names of the candidate or candidates for whom he desires to vote on the other ticket

or tickets, and also erase an equal number of names of the candidates for such office on his party ticket; but if such elector shall not cross off the names of an equal number of candidates for such office on his party ticket he shall be deemed to have crossed off the name of each candidate for such office which is printed on his party ballot opposite the name of the candidate on some other party ticket in front of which name he has made a cross. (X)."

There being but two candidates on the democratic ticket it was not necessary for an elector who desired to vote for three candidates, and to that end marked a cross at the head of the democratic ticket and also in the square before the name of a republican candidate, to erase one of the two names of democratic candidates.

The purpose of the statute is to permit an elector to vote for three candidates for the office mentioned and to prevent him from voting for more. If plaintiff's contention prevails then the voter mentioned would not have voted for three candidates. The question would be wholly different if the democratic ticket had carried the names of three candidates.

We agree with the holding of the circuit judge that the voters, under the circumstances mentioned, voted for the two democratic candidates and one republican candidate and the ballots were properly so counted.

Judgment is affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.