BICE v. HOLMES.

1. APPEAL AND ERROR—CHANCERY CASES—REVIEW DE NOVO—QUIETING TITLE—CONSTRUCTION OF INSTRUMENTS.
    Suit to quiet title to mineral rights in certain lands, to construe a certain conveyance and to determine the rights of the several defendants in the lands, being a chancery case, is considered de novo by the Supreme Court and where certain defendants appeal, only the rights of plaintiff and such defendants could be determined on appeal.

2. DEEDS—CONSTRUCTION—INTENT.

　　A deed should be construed so as to give effect to the intention of the parties, such intention to be ascertained, if possible, by considering all provisions of the deed.

3. SAME—CONSTRUCTION—UNCERTAINTY—INTENT—PAROL EVIDENCE.

　　In construing a deed where there is some uncertainty as to the meaning of certain terms, the court may also properly consider the surrounding facts and circumstances in determining the parties' intention.

4. SAME—RESERVATIONS—INTENT—DOUBT—PAROL EVIDENCE.

　　In interpreting a reservation clause in a deed, the purpose is to discern the intention of the grantor from the words employed; the subject matter and attending circumstances to be considered where the words have a doubtful meaning.

5. SAME—CONSTRUCTION—RESERVATION OF MINERALS.

　　Provision of deed conveying undivided fractional interests in several parcels of land, a part of which grantor had inherited from his father, who had died intestate in 1887, and a part of which grantor had acquired by direct conveyance from others, made after death of father's widow and excepting and reserving all ores and minerals therein and thereafter expressing intent to convey to grantee the entire remainder of the interests of grantor's father excepted mineral rights of all lands in question whether received by grantor from his father or otherwise.

6. TAXATION—SURFACE OWNERS—MINERAL RIGHTS—ASSESSMENT—CONTRIBUTION.

　　Claim for contribution of taxes, made by surface owners against owners of mineral rights, is without foundation where lands do not appear to have been assessed for their mineral value.

Appeal from Iron; Landers (Thomas J.), J., presiding. Submitted April 12, 1944. (Docket No. 57, Calendar No. 42,642.) Decided June 5, 1944.

Bill by Edward S. Bice, administrator with will annexed, and Roscoe W. Baldwin, testamentary trustee of estate of Charlotte G. Breitung, deceased, against Herman Holmes and others to quiet title to mineral rights, to construe deeds and to determine rights of parties. Cross bill by defendants Holmes

and Burridge against plaintiffs to quiet title to land. Decree for plaintiffs. Defendants Holmes and Burridge appeal. Affirmed.

*Eldredge & Eldredge,* for plaintiffs.

*August J. Waffen,* for defendants Holmes and Burridge.

STARR, J. In January, 1942, plaintiffs, as representatives of the estate of Charlotte G. Breitung, deceased, filed bill of complaint to quiet title to mineral rights in certain lands in Iron county, to construe a certain instrument of conveyance, and to determine the rights of the several defendants in said lands. Defendants Herman Holmes and wife Christina Holmes and Louis Burridge and wife Edith Burridge filed answer and cross bill denying plaintiffs' right to the relief sought and asserting claim to the mineral rights in a part of the lands. They appeal from a decree dismissing their cross bill and granting plaintiffs substantially the relief sought. The rights of other defendants were determined by said decree, but they have not appealed. Therefore, we are here concerned only with the issues presented as between plaintiffs and appellants. This being a chancery case, we consider the same *de novo.*

It appears that one Edward Breitung, who owned considerable real estate and mineral interests in the upper peninsula, died intestate in 1887. He left surviving, his widow Mary Breitung, also referred to as Mary Kaufman, and his son Edward N. Breitung. His real estate descended to his said son Edward N., subject to the dower rights of his widow Mary, which rights were extinguished by her death August 29, 1923. On September 20, 1923, said

Edward N. Breitung and wife Charlotte conveyed by deed to Sam Luke undivided fractional interests in several described parcels of land in Iron county, a part of which interest said Edward N. Breitung had inherited from his father, and a part of which he had acquired by direct conveyance from others. Following the description of said lands, the deed provided in part:

"*Excepting and reserving also from the above-described interests in the several tracts of land described herein unto the said parties of the first part and to their heirs and assigns, forever, all ores and minerals situated in, upon or under said lands, or any part or parts thereof,* and the right at all times to enter upon said lands, or any parts thereof and there to explore, search, dig and mine for ores and minerals, and freely carry on the business of mining removing ores and minerals, and for such purpose or purposes to take, use and occupy so much and such parts of said land and for such term of time as said first parties their heirs or assigns shall deem expedient, without any let, hindrance or interference by the second party, or the heirs or assigns of the second party, provided that if the said first parties or their heirs or assigns shall require the surface of said land, or any part thereof, for permanent occupancy for the purposes aforesaid, or shall damage any part of the surface of said lands, or the improvements thereon, said first parties or their heirs or assigns so occupying or so damaging shall pay to the said second party, or to his heirs or assigns, for the said occupancy or for the damages so caused, but not exceeding in amount the actual prior market or salable value of the part or parts of said lands so occupied or damaged, together with the actual salable value of buildings, structures or fences or other improvements that shall then be on the part or parts of said land so occupied and belonging to the said second party or to his heirs or assigns, conveying

hereby any and all rights of dower which accrued to Mary Kaufman, formerly known as Mary Breitung, the widow of Edward Breitung, late of the city of Marquette, Michigan, deceased, the said Mary Kaufman having departed this life on August 29, 1923, whether the undivided interest above specified are correctly stated or not, *it being the express purpose of this instrument to convey to said second party, his heirs and assigns, the entire remainder of the interests of the heirs at law of the said Edward Breitung, deceased, in and to the lands described herein other than any interests that may have been heretofore conveyed, so that the entire remaining interest in said lands of the late Edward Breitung, deceased, may be by this instrument conveyed to the second party, his heirs or assigns.*"

The above-mentioned deed of September 20, 1923, to Sam Luke is referred to in the record and briefs as the "crucial deed," and we shall so designate it in this opinion. The construction of the above-quoted provisions of the deed presents the principal issue in controversy in this suit. The grantors and grantee having died prior to the trial, we do not have the benefit of their testimony.

By two deeds acknowledged October 5, 1923, Sam Luke and wife conveyed to defendant Herman Holmes the fractional interests in Iron county lands (except one parcel) which Luke had acquired by the above-mentioned crucial deed from Edward N. Breitung and wife. Both of said deeds to Holmes expressly excepted and reserved all minerals, and further stated that it was intended to convey all right, title, and interest which Luke had acquired "by virtue of a certain deed (crucial deed) from Edward N. Breitung and wife." It appears from the record that defendant Louis Burridge acquired from defendant Holmes one-half of his interest in the lands in question.

In November and December, 1923, Edward N. Breitung conveyed whatever interest he had in said lands to his wife Charlotte Breitung. She died in July, 1936, and the representatives of her estate are plaintiffs in the present suit.

Plaintiffs contend that the crucial deed excepted and reserved to the grantors, Edward N. Breitung and wife Charlotte, the mineral rights in all lands therein described; and that such mineral rights are now owned by the estate of said Charlotte Breitung, deceased. Appellants contend that the crucial deed did not except and reserve mineral rights in that part of the lands which Edward N. Breitung had inherited from his father, but excepted and reserved mineral rights only in that part which he had acquired by direct conveyance from other persons. That is, appellants claim that, as to the lands which Edward N. Breitung had inherited from his father, the crucial deed conveyed to Sam Luke (who subsequently conveyed to defendant Herman Holmes) both the land and the minerals, without exception or reservation.

The parties stipulated as to which of the parcels in question said Edward N. Breitung had inherited from his father and which parcels he had acquired by direct conveyance from others. For the purpose of this opinion it is unnecessary to set forth detailed descriptions of the interests in lands conveyed by the crucial deed and involved in this suit.

The crucial deed should be construed so as to give effect to the intention of the parties, and such intention shall, if possible, be ascertained by viewing the deed from its four corners and considering all its provisions. There being some uncertainty as to the meaning of certain terms of the deed, we may also properly consider the surrounding facts and circumstances in determining the parties' intention. In

*Thomas* v. *Jewell,* 300 Mich. 556, 558 (139 A. L. R. 1335), we said:

"It is a general rule that in interpreting deeds and other written instruments, the primary object is to determine the intention of the parties from the instrument itself. If the instrument indicates an ambiguity, then resort may be had to extraneous matters."

In the case of *Derham* v. *Hovey,* 195 Mich. 243, 247 (21 A. L. R. 999), we said:

"In interpreting devises and reservations in deeds, the purpose is to discern the intention of the testator, or grantor, from the words employed; the subject matter and attending circumstances to be considered where the words have a doubtful meaning."

See *Glidden* v. *Beaverton Power Co.,* 223 Mich. 383; *Negaunee Iron Co.* v. *Iron Cliffs Co.,* 134 Mich. 264; *Ryan* v. *Wilson,* 9 Mich. 262; 8 R. C. L. pp. 1047, 1048, § 101; 16 Am. Jur. p. 600, § 287; 26 C. J. S. pp. 429, 430, § 128.

Following the granting clause and the express exception and reservation of minerals, the crucial deed provided:

"It being the express purpose of this instrument to convey to said second party, his heirs and assigns, the entire remainder of the interests of the heirs at law of the said Edward Breitung, deceased, in and to the lands described herein other than any interests that may have been heretofore conveyed, so that the entire remaining interest in said lands of the late Edward Breitung, deceased, may be by this instrument conveyed to the second party, his heirs or assigns."

It is clear that the parties did not intend the above-quoted explanatory provision of the crucial

deed to nullify, limit or restrict the preceding grant-
ing clause and the express exception and reservation
of minerals. Such provision merely indicated their
intention to include all interests in said lands (except
minerals) which grantor Edward N. Breitung had
inherited from his father.

That the grantors in the crucial deed intended to
except and reserve minerals in all of the lands in-
cluded in such deed is indicated by the fact that
within a few months thereafter they gave to the
Oliver Iron Mining Company an option covering
mineral rights in seven of the described parcels. It
should also be noted that the mineral rights in all
the lands in question were included in the inventory
of the estate of Charlotte Breitung.

The record also shows other facts and circum-
stances which are indicative of the intention and
understanding of the parties to the crucial deed, and
of defendant Holmes as a subsequent grantee from
Sam Luke. When Luke and wife conveyed to
Holmes, they expressly excepted and reserved all
minerals, and stated in substance that they intended
to convey all right, title, and interest which Luke had
acquired by the crucial deed from Breitung and wife.
That defendant Holmes understood he had acquired
no mineral rights from Luke is indicated by the fact
that when he conveyed his interest in one of the
parcels to the Oliver Iron Mining Company in 1929,
he provided in his deed, ''subject, however, to the
mineral exceptions and reservations contained or
referred to in the deed to said premises (from Sam
Luke) through which the parties of the first part
(Holmes) derived title thereto.'' We also note that
in an instrument conveying certain rights to the city
of Crystal Falls for a water pipe line over two of the
parcels in question (which parcels Edward N. Brei-
tung had inherited from his father), defendants

Holmes and Burridge described themselves as the owners of "an undivided one-half interest in the surface." It appears that prior to the crucial deed, Edward N. Breitung and wife had conveyed other fractional interests in the lands in question to defendant Herman Holmes, and that in such deeds they had expressly excepted and reserved all minerals. The record indicates that defendants Holmes and Burridge did not question the exception and reservation of minerals in the crucial deed for many years after the deed was given, and that such exception and reservation was first questioned about 1940 by an attorney for the Oliver Iron Mining Company in connection with the above-mentioned option on minerals given by Breitung and wife.

Careful consideration of all provisions of the crucial deed and of the surrounding facts and circumstances as shown by the record convinces us that such deed excepted and reserved to the grantors Edward N. Breitung and wife the minerals in all the lands in question, regardless of whether said lands were inherited by Breitung from his father or acquired by conveyance from others. We agree with the trial court's opinion which states in part:

"It was clearly the intent of the grantors (in the crucial deed) to convey an estate in fee simple, and it was equally clear that the grantors, by apt and explicit words, excepted therefrom, and carved out of the operation of the deed, the mineral right, and that intent is beyond the range of all doubt."

Under the facts shown by the record, defendants Holmes and Burridge acquired no title to the excepted and reserved minerals by adverse possession. Their claim for contribution of taxes is without foundation, as the testimony indicates that the lands in question were never assessed for their

mineral value. The trial court did not abuse its discretion in denying their motions to reopen the case for the taking of further proofs. Other questions presented do not require consideration.

We conclude that the trial court's decree properly and equitably determined the rights of the parties. The decree, in so far as it relates to the issues between plaintiffs and appellants, is affirmed. Plaintiffs shall recover costs of both courts from appellants.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.