TAINES v MUNSON

1. APPEAL AND ERROR—REMAND—ACTION PERMITTED.

Remand of a cause by the Court of Appeals to a trial court for a specific purpose does not prevent the lower court from taking any action which justice requires so long as that action is not inconsistent with the judgment of the remanding tribunal.

2. APPEAL AND ERROR—REMAND—SPECIFIC PURPOSE—OTHER ACTION.

Remand of a case to the trial court for the purpose of rendering an accounting on an equitable mortgage did not limit the lower court solely to an accounting, and the trial court had authority to grant one defendant's motion for summary judgment where it found no evidence to support a judgment against the moving defendant; the Court of Appeals, rather than remanding again for entry of an appropriate order, may grant the moving defendant a summary judgment (GCR 1963, 820).

3. APPEAL AND ERROR—RES JUDICATA.

An appellate court's failure to comment, in a prior appellate appearance of the same case, on defendants' argument that a corporate plaintiff, not natural persons who were plaintiffs, was the real party in interest and that the judgment should run only in favor of the corporate plaintiff, did not render that issue res judicata.

4. APPEAL AND ERROR—RES JUDICATA—LAW OF THE CASE.

A question which is not determined by an appellate court, or does not constitute the basis for its conclusion upon the ultimate question presented, is not a part of the law of the case, and does not control the lower court in its subsequent proceedings.

5. JUDGMENT—AMENDMENT OF JUDGMENT—PARTIES—REAL PARTY.

The judgment of a trial court is amended to run in favor of a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error §§ 931, 967, 974.
[3, 4] 5 Am Jur 2d, Appeal and Error § 756.
[5] 5 Am Jur 2d, Appeal and Error § 589.
[6] 5 Am Jur 2d, Appeal and Error § 569.
[7] 27 Am Jur 2d, Equity § 111.

corporate plaintiff only, where the record shows that the corporate plaintiff was the real party in interest and that natural persons who were plaintiffs were at most only corporate creditors.

6. APPEAL AND ERROR—INTEREST—DISCRETION.

   Interest awarded to a party in an equitable accounting is within the trial court's discretion based on the equities presented.

7. EQUITY—EQUITABLE MORTGAGE—PRESERVATION OF PROPERTY—FEE.

   A $10,000 credit awarded to defendants as a fee for services performed in preserving plaintiffs' interests in real property under an equitable mortgage was not an abuse of discretion where, but for the defendants' actions, the plaintiffs' interest in the property would have been totally lost.

Appeal from Wayne, James Montante, J. Submitted Division 1 February 9, 1972, at Detroit. (Docket No. 10883.) Decided July 31, 1972.

Complaint by Gerald Taines, Michael Z. Taines, and Alger Homes, Inc., against Jack Munson and Evelyn Munson for an accounting on an equitable mortgage. Judgment for defendants. Plaintiffs appealed. Reversed and remanded for an accounting, 19 Mich App 29 (1969). Defendants appeal, and plaintiffs cross-appeal. Affirmed in part and modified in part.

*Kratchman & Kratchman, P. C.,* for plaintiffs.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Donald E. Shely),* for defendants.

Before: BRONSON, P. J., and V. J. BRENNAN and O'HARA,* JJ.

V. J. BRENNAN, J. This case is now making its second appearance before this Court. In its prior

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

appearance, this Court reversed the trial court and declared a deed absolute on its face to be an equitable mortgage, and remanded the case to the trial court for an accounting. Rather than again reciting the lengthy factual situation, we refer the reader to the prior case, *Taines v Munson,* 19 Mich App 29 (1969).

The trial court conducted the necessary proceedings on remand, and subsequently entered its judgment. This appeal is from the accounting made by the trial court.

Defendants raise five arguments on appeal, which we shall consider in the order in which they are raised. Defendants first argue that there is no evidence in the record to support a judgment against Evelyn Munson, and that the trial court therefore erred in not granting a motion for summary judgment. The trial court in fact found that there was no evidence to support a judgment against Evelyn Munson, but felt that its jurisdiction on remand was limited solely to rendering an accounting. The plaintiffs argue in support of the trial court's decision, and cite *George v Wayne Circuit Judge,* 336 Mich 543 (1953). That case held that remand instructions from a superior court must be followed, not that a remand for a specific purpose prevents the court below from taking any action which justice requires so long as that action is not inconsistent with the judgment of the remanding tribunal. (See *Garwood v Burton,* 274 Mich 219 [1936].) Since we agree with the trial court's finding that there is no evidence to support a judgment against Evelyn Munson, and rather than remand the case for entry of an appropriate order, pursuant to this Court's authority under GCR 1963, 820, we hereby grant defendant Evelyn Munson's motion for a summary judgment.

Defendants next argue that the judgment should only run in favor of Alger Homes, and not to the individual plaintiffs. The transaction which was characterized as an equitable mortgage by this Court was between plaintiff Alger Homes and defendant Jack Munson. Plaintiff Michael Taines was involved in his capacity as an officer of Alger Homes. The plaintiffs argue that this issue was raised during this case's prior appearance in our Court and that this Court made no ruling on that issue. Since this Court declined to overturn the trial court's decision in this matter, plaintiffs argue that this constitutes res judicata.

While it is true that in the prior case, defendants did argue that the individual plaintiffs were not real parties in interest, and while it is true that this Court made no comment on that argument, we do not agree that this constitutes res judicata. *While we can find no Michigan cases directly on point, we believe the better rule was announced by the Sixth Circuit in D'Arcy v Jackson Cushion Spring Co, 212 F 889, 891–892 (CA 6, 1914):*

"[E]very question properly involved upon the appeal, which is determined by the appellate court and constitutes, in part at least, the basis for its conclusion upon the ultimate question presented, becomes a part of the law of the case controlling the lower court in its subsequent proceedings."

The necessary corollary of this rule is that a question which was not determined by the appellate court, or does not constitute the basis for its conclusion upon the ultimate question presented, is not a part of the law of the case, and does not control the lower court in its subsequent proceedings. To straitjacket proceedings subsequent to a

decision on a case by an appellate court by making assumptions regarding the disposition of arguments which the appellate court did not see fit to consider, is not, in our opinion, the wisest of policies.

After examination of the record, we find that the transactions involved were between defendant Munson and Alger Homes, Inc., and that at most the individual plaintiffs are but creditors of Alger Homes. The judgment of the court below is therefore amended to run in favor of the corporate plaintiff only.

The defendant next argues that the judgment in this case should in some manner protect him from actions by other creditors of Alger Homes. We believe this issue has been rendered moot by this Court's decision in *Banner Lumber Co v Alger Homes, Inc,* 37 Mich App 434 (1971), and therefore no discussion is required.

Defendant next argues that the amount of credit awarded to him for payments he made on the land contract was insufficient. We feel that the decision of the trial court is not clearly erroneous, and therefore decline to reverse. *Royer v Eskovitz,* 358 Mich 279 (1960). Defendant's final argument is that the rate of interest awarded by the trial court was insufficient. Such award was within the discretion of the trial court, and we find no abuse of that discretion. (See *Taines, supra,* p 42.)

On cross-appeal, plaintiffs make two allegations of error. The first is that the trial court erred by allowing the defendants a credit of $10,000 as a "fee" for services performed in preserving the property. Plaintiffs argue that this figure is not supported by any evidence, and should therefore not be allowed. We disagree with the plaintiffs' position. The trial court, having previously ruled

in defendants' favor, was obviously of the opinion that the equities in the matter lay with the defendants. Furthermore, as the trial court pointed out, but for the defendants' actions, the plaintiffs' interest in the property would have been totally lost. Granting, or refusing to grant, such an award is, we feel, within the trial court's discretion when called upon to render an equitable accounting in such a case. Under the totality of the circumstances, we cannot say that the award of the trial court is unreasonable, unsupportable or an abuse of discretion.

Plaintiffs' second argument on appeal again regards the trial court's award of interest. As we have just stated, such an award is within the discretion of the trial court, and we have found no abuse.

Affirmed in part and modified in part.

All concurred.