MEYERING v RUSSELL

Docket No. 31268. Submitted February 7, 1978, at Grand Rapids.—
.   Decided September 19, 1978.

Gerald C. Meyering filed a complaint for damages and specific
performance against Albert Russell and Mr. and Mrs. Cal Deitz
for violation of a purchase agreement under which Russell
contracted to sell certain lands to Meyering. Russell later sold
the land to the Deitzes. The Deitzes filed a cross-claim against
Russell for reimbursement in the event that they were ordered
to reconvey the property. The Muskegon Circuit Court, Charles
A. Larnard, J., awarded Meyering specific performance against
Russell, ordered the Deitzes to pay the damages for monthly
rental loss, and dismissed the cross-claim. Defendants Deitz
appealed, and the Court of Appeals upheld the trial court
regarding the specific performance and damages but reversed
the dismissal of the cross-claim. 53 Mich App 695 (1974).
Defendants Deitz applied for leave to appeal to the Supreme
Court which granted leave and summarily reversed the Court
of Appeals for the reason that Mr. Deitz did not tortiously
interfere with the contract between Russell and Meyering. The
Supreme Court remanded to the circuit court for further pro-
ceedings. 393 Mich 770 (1974). In the trial court Meyering filed
a motion for summary judgment against Russell requesting
that the court reaffirm its earlier finding that Russell had
breached the purchase agreement and, because Mr. Deizt had
been absolved from fault by the Supreme Court's decision,

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 773, 853, 962, 963.
[2] 5 Am Jur 2d, Appeal and Error § 580.
   46 Am Jur 2d, Judgments §§ 419, 420.
[3] 71 Am Jur 2d, Specific Performance §§ 5–7.
[4] 46 Am Jur 2d, Judgments §§ 395, 402.
[5] 46 Am Jur 2d, Judgments § 395.
[6] 46 Am Jur 2d, Judgments §§ 399, 457.
[7] 5 Am Jur 2d, Appeal and Error § 579.
[8] 46 Am Jur 2d, Judgments § 461.
   Judgment as res judicata pending appeal or motion for a new trial,
    or during the time allowed therefor. 9 ALR2d 984.

requesting that Russell by held liable for the lost rentals plus interest. Judge Larnard denied the motion for summary judgment, and Meyering appeals by leave granted. *Held:*

1. The trial court erred in denying the plaintiff's motion. The court erroneously ruled that it was not authorized to take any action other than that specifically mentioned in the order of remand and the dissenting opinion of the Court of Appeals upon which the Supreme Court relied. A trial court can take any action on remand which is not inconsistent with the instructions of the remanding court where the action is otherwise proper, and the issue of liability for damages of Russell to Meyering was never considered by either the Court of Appeals in the first appeal or by the Supreme Court.

2. The denial of the motion cannot be supported by the doctrine of res judicata.

Reversed.

J. H. GILLIS, P. J., agreed that the trial court erred in holding that it could take no action other than that specifically mentioned by the Supreme Court. He would hold, however, that denial of the motion for summary judgment was proper on the grounds of res judicata. Russell's liability for damages was requested in the original suit, Russell was not found liable for those damages, and the plaintiff did not appeal that decision. The plaintiff may not now be granted additional relief.

OPINION OF THE COURT

1. COURTS—TRIAL COURT—REMAND—INSTRUCTIONS OF REMANDING COURT—SUMMARY JUDGMENT.

A trial court can take any action on remand which is not inconsistent with the instructions of the remanding court where the action is otherwise proper; therefore, a trial court, considering a case on remand from the Supreme Court, erred where it refused to grant a summary judgment on an issue which was not considered by either the Court of Appeals or the Supreme Court in the earlier appeals of the case, because it mistakenly believed that it could take no action other than that mentioned in the order of remand.

2. JUDGMENT—RES JUDICATA—PRECISE ISSUE—ISSUES PREVIOUSLY LITIGATED.

Res judicata applies to a case only where the precise issue previously decided or any point properly belonging to the earlier litigation must be decided; therefore, res judicata does not apply where the issue raised in subsequent litigation was not decided or reduced to judgment in an earlier litigation.

3. CONTRACTS—BREACH OF CONTRACT—SPECIFIC PERFORMANCE—REINSTATEMENT OF CONTRACT—DAMAGES.

A party who is aggrieved by.the breach of a contract and sues for specific performance of the contract may be entitled to reinstatement of the contract plus any resultant damages suffered during the period of breach.

4. JUDGMENT—RES JUDICATA—APPLICATION OF DOCTRINE—UNCONSCIONABLE AND ABSURD RESULTS.

The doctrine of res judicata should not be applied where to do so would lead to an unconscionable and absurd result.

CONCURRENCE IN PART, DISSENT IN PART BY J. H. GILLIS, P. J.

5. JUDGMENT—RES JUDICATA—SUBJECTS OF LITIGATION.

*The doctrine of res judicata applies not only to points upon which the court, in an earlier action, was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.*

6. COURTS—JUDGMENT—FINALITY OF JUDGMENT—COLLATERAL ATTACK.

*The decision of a court having jurisdiction is final where not appealed, and cannot be collaterally attacked.*

7. JUDGMENT—CONTRACTS—FAILURE TO APPEAL—DAMAGES.

*A plaintiff's failure to appeal from a judgment which awarded him specific performance of a contract but made no provision for damages against one of the defendants may not subsequently be awarded damages against that defendant.*

8. JUDGMENT—RES JUDICATA—APPEAL OF JUDGMENT—ABILITY TO APPEAL.

*An original judgment should be given res judicata effect in all proceedings which occur after the plaintiff has lost his ability to appeal or cross-appeal.*

*Parmenter, Forsythe & Rude* (by *John M. Briggs, III),* for plaintiff.

*Marietti, Mullally & Grimm,* for defendant Albert Russell.

Before: J. H. GILLIS, P. J., and R. B. BURNS and
ALLEN, JJ.

ALLEN, J. In *Meyering v Russell,* 393 Mich 770;
224 NW2d 280 (1974), the Supreme Court over-
turned plaintiff's judgment for damages against
defendant Deitz and remanded to the trial court
for further proceedings. On remand, plaintiff
moved for summary judgment for damages against
defendant Russell. The motion was denied by the
trial court and plaintiff appeals on leave granted
May 13, 1977.

In order to properly understand the issues
raised, a full recapitulation of the complicated set
of facts is required. In 1969, plaintiff filed suit
against both Russell and Deitz for specific perform-
ance and damages for violation of a purchase
agreement under which Russell contracted to sell
certain lands to plaintiff. The complaint alleged
that Russell wrongfully violated the agreement by
selling the land to Deitz and that Deitz was a
conveyance intermeddler. Dietz filed a cross-claim
against Russell, claiming that if Deitz were or-
dered to reconvey the property Russell should
reimburse him for the payments Deitz had made
on the property. Following a prolonged trial the
trial court held: (1) that the purchase agreement
had been violated, (2) that the property should be
reconveyed by Deitz to Russell, (3) that Russell
enter into a land contract with plaintiff under the
same terms as were in the purchase agreement, (4)
that plaintiff was entitled to damages of $7,950,
plus interest for the monthly rental loss for 30
months, and (5) that Deitz was a contract inter-
meddler and, as such, should pay the damages.
Significantly, neither the trial court's written opin-
ion nor the judgment referred to plaintiff's claim
for damages against Russell. The trial court en-

tered a judgment of no cause of action on the cross-claim.

On appeal in *Meyering v Russell,* 53 Mich App 695; 220 NW2d 121 (1974), this Court, in a 2–1 decision, affirmed the trial court on all five holdings summarized above but reversed on the cross-claim on grounds that the trial court's dismissal of the cross-claim would unjustly enrich Russell who otherwise would be paid twice—once on payments already made by Deitz and a second time by installments to be made under the land contract by plaintiff. Judge O'HARA disagreed with the majority on issue (5) on grounds that Deitz resorted to no illegal or unlawful methods in pursuading Russell to convey to him. In all other respects, Judge O'HARA agreed with the majority opinion.[1]

Leave to appeal was sought from the Supreme Court which, on December 24, 1974, reversed the Court of Appeals "for the reasons set forth in the opinion in this case of Judge O'HARA * * * and remand to the circuit court for further proceedings as provided in such opinion". After remand to the trial court, plaintiff filed a motion for summary judgment against Russell asking that the trial court reaffirm its earlier finding that Russell had breached the purchase agreement and, since Deitz

---

[1] "My disagreement is limited to that portion of Judge ALLEN's opinion which deals with the issue of the alleged tortious interference by Deitz with the contractual rights of Meyering.

* * *

"I would affirm the grant of specific performance as between Russell and Meyering. I would reverse as to the money judgment against Deitz.

"Thus while I conclude that Deitz did not tortiously interfere with the purchase and sale agreement between Russell and Meyering, this conclusion in no way prohibits me from holding there was a valid enforceable agreement between Meyering and Russell and that the trial court could properly order its performance." 53 Mich App at 709, 712.

had been absolved from fault by reason of the Supreme Court's decision, hold Russell liable for $7,950 lost rentals plus interest.[2] Though the trial court strongly felt that plaintiff should be reimbursed for the lost rentals, the court denied plaintiff's motion on grounds the court could take no action other than that specifically mentioned in Judge O'HARA's opinion.[3]

The trial court's conclusion is clearly erroneous. A trial court can take any action on remand which is not inconsistent with the instructions of the remanding court where the action is otherwise proper.

"The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." *Sokel v Nickoli,* 356 Mich 460, 464; 97 NW2d 1 (1959).[4]

The question raised in plaintiff's motion for summary judgment was the liability of defendant-vendor to plaintiff-vendee for expenses incidental

[2] During the appeal process the property had been reconveyed by Deitz to Russell who executed a land contract with plaintiff pursuant to the terms of the original purchase agreement. Plaintiff took possession and thus the only item remaining in controversy as between plaintiff and Russell was the matter of lost rentals.

[3] "Now, I feel very strongly Mr. Briggs much the same way you do that Mr. Meyering should be compensated for those months that he was kept out of possession where he could have, or should have received rental had he been placed in possession at the time he should have been placed in possession in this case.

"However, again I am not going to substitute my judgment for Judge O'Hara's, because the Supreme Court has very definitely ordered me to proceed further as provided in Judge O'Hara's opinion. It was remanded to me for that purpose, and they did that for the reason set forth in Judge O'Hara's opinion.

"Now, I see nothing in Judge O'Hara's opinion that provides for rental loss for that period of time."

[4] See also *Taines v Munson,* 42 Mich App 256; 201 NW2d 685 (1972).

to the breach of the land contract executed between the parties. This issue was not considered by this Court during the first appeal, nor by the Supreme Court in its remand. Hence, the trial court in the instant matter was free to take any action in respect to this issue as long as it was not inconsistent with the Supreme Court's remand instructions and was otherwise proper. Hence, the reasons given by the trial court for denying plaintiff's motion for summary judgment were improper.

Nevertheless, defendant argues that the trial court's denial of plaintiff's motion for damages against Russell was proper on grounds of res judicata even though the reason given for denial may have been in error. According to defendant, res judicata acts as a bar since the issue being raised and the parties contesting the issue are the same as in the original suit. Stated more precisely, the question now before us is whether res judicata governs in an action for specific performance of a purchase agreement and for damages where (1) the judgment of the trial court did not award damages against the seller but was silent on the issue, (2) no appeal was taken from the failure to award damages against the seller, and (3) the directions of the Supreme Court did not speak to the seller's liability for damages.

We conclude that based on the unique facts of this case res judicata does not apply.

*First,* the issue which is now raised was not decided by the trial court or even reduced to judgment. The question before us now is whether the seller (Russell) must pay damages when it has been determined that the other party involved (Deitz) is not responsible for damages. At the trial level the question litigated and decided was which

of the two parties (Russell or Deitz) was liable in damages. That is an entirely different question. It does not necessarily follow that if Deitz is exonerated, so too must Russell be. In order for res judicata to apply, the precise issue or any point properly belonging to the litigation must be decided. *Curry v Detroit,* 394 Mich 327; 231 NW2d 57 (1975). Having determined, albeit erroneously, that Deitz was responsible, it was unnecessary for the court to decide whether Russell should pay damages if Deitz was not the party at fault. Had the trial court held that in no event should Russell pay damages, even if Deitz were not at fault, then plaintiff should have appealed. But because no such finding was made, plaintiff may not be penalized for failure to cross-appeal.

*Second,* Judge O'HARA's opinion only disagreed with the majority conclusion that Deitz was a contract intermeddler who should pay the lost rentals.[5] On all other points he agreed with the majority and the trial court, including the grant of specific performance of the purchase agreement between plaintiff and Russell. It is hornbook law that where a contract is breached, the aggrieved party is entitled to reinstatement of the contract plus any damages incurred during the period of breach. Simply put, Judge O'HARA's opinion was silent on the question of whether plaintiff was entitled to the rentals lost during the 30-month period. We believe Judge O'HARA was too fine a jurist to rule *sub silentio* that the contract was to be reinstated but in no event was plaintiff entitled to damages. Had he intended so major a deviation

---

[5] Judge O'HARA's opinion commenced with the opening sentence that his dissenting opinion was limited to the "alleged tortious interference by Deitz with the contractual rights of Meyering". 53 Mich App at 709. The defense of res judicata necessarily broadens the O'HARA opinion to include rights between Meyering and Deitz.

from the established rules of law, he would have clearly so stated. All that Judge O'HARA *specifically* wrote in disagreement about the damages was, "I would reverse as to the money judgment against Deitz". 53 Mich App at 712. In our opinion, Judge O'HARA assumed that in affirming the grant of specific performance against Russell the trial court, on remand, would order the damages paid by Russell. It then follows that when the Supreme Court remanded to the trial court for further proceedings "as provided in such opinion", the trial court could assess damages against Russell and res judicata would not be a defense.

*Third,* application of the doctrine of res judicata in this case would lead to an unconscionable and absurd result:

—Unconscionable because it would give plaintiff only a partial remedy. He recovers the property for which he must pay the full land contract price, but would be deprived of the rentals on which he relied to assist in making the payments. Despite a clear finding by the trial court that Russell broke the contract when he sold to Deitz and affirmance of such finding by this Court, Judge O'HARA included, Russell would be relieved of paying damages.

—Absurd because in not one of the three courts involved is there a finding of even a single written word—not even by Judge O'HARA himself—that no damages should be forthcoming from Russell.

For the above reasons, the trial court's order denying plaintiff's motion for summary judgment is reversed. Costs to appellant.

R. B. BURNS, J., concurred.

J. H. GILLIS, P. J. *(concurring in part; dissenting in part).* I agree the trial court erred in holding

that it could take no action other than following
the instructions of the Supreme Court. However, I
would hold that the trial court's denial of plain-
tiff's motion for summary judgment against de-
fendant-vendor Russell was proper on grounds of
res judicata.

"A judgment, to constitute a bar to a claim in a
subsequent action, must be rendered upon the merits,
upon the same matter in issue, and between the same
parties or their privies." *Curry v Detroit,* 394 Mich 327,
331; 231 NW2d 57 (1975).

The majority states that in order for res judicata
to apply, "the precise issue or any point properly
belonging to the litigation must be decided". I
respectfully disagree. In *Curry, supra,* the Su-
preme Court explicitly rejected such a rule, stating
the following:

"During the doctrine's development some cases held
that 'for *res judicata* to apply, the question must in fact
have been litigated in the first proceeding'. *Gursten v
Kenney,* 375 Mich 330; 134 NW2d 764 (1965). That
Court then stated:
   " 'The correct rule is found in *Henderson v Hender-
son,* 3 Hare 100, 115 (67 Eng Rep 313) [1843], and is
quoted in Michigan decisions from *Harrington v Huff &
Mitchell Co,* 155 Mich 139, 142 [118 NW 924 (1908)], to
*Shank v Castle,* 357 Mich 290, 295 [98 NW2d 579
(1959)]:
   " ' " *The plea of res judicata applies,* except in special
cases, *not only to points upon which the court was
actually required by the parties to form an opinion and
pronounce a judgment, but to every point which prop-
erly belonged to the subject of litigation,* and which the
parties, exercising reasonable diligence, might have
brought forward at the time.' " ' " 394 Mich at 332.
(Emphasis supplied.)

It is evident from the foregoing that a particular issue need not be decided for res judicata to apply. Indeed, the issue need not even be raised for res judicata to apply, if it is one which a party should have raised.

In any event there is no doubt that both the issue being raised, and the parties contesting it, are the same in the original suit and the present action. Plaintiff's original complaint against Russell requested specific performance and damages arising out of Russell's failure to close on time. He seeks those same damages now from Russell.

There was also a decision rendered on the merits. The judgment of the trial court granted plaintiff's request for specific performance. However, while plaintiff was given a money judgment against defendant Deitz, the request for money damages against defendant Russell was not granted.

Neither plaintiff nor Russell appealed the judgment. The decision of a court having jurisdiction is final, where not appealed, and cannot be collaterally attacked. *Gursten v Kenney,* 375 Mich 330; 134 NW2d 764 (1965). Delayed appeal may be granted up to 18 months after entry of a judgment. GCR 1963, 803.3, 806.2. Plaintiff knew defendant Deitz had appealed from that portion of the judgment adverse to him. Hence, if plaintiff wished to preserve any rights he felt he had against defendant Russell, the proper procedure was to file an appeal, or at least subsequently request leave to file a delayed appeal. Having failed to do so, plaintiff's rights vis-a-vis Russell were final. See *Lesher v Bonner,* 269 Mich 124, 131; 256 NW 827 (1934), *Bice v Holmes,* 309 Mich 110, 112; 14 NW2d 800 (1944).

Even if defendant Russell had appealed from the

judgment, plaintiff's failure to file a cross-appeal would preclude him from getting greater relief against Russell than the trial court had granted. *Paton v Stealy,* 272 Mich 57, 61; 261 NW 131 (1935), *Prosecuting Attorney, ex rel MacKenzie v Knight,* 266 Mich 567; 254 NW 206 (1934), *Bowman v Gork,* 106 Mich 163; 63 NW 998 (1895), *Heath v Waters,* 40 Mich 457, 472 (1879), *Match v Hunt,* 38 Mich 1, 9 (1878).

In *Bowman, supra,* the trial court granted plaintiff's request for specific performance. Defendant appealed from that decision. Plaintiff asked the appellate court for an accounting for the rental value of the property. The Supreme Court refused to give plaintiff such relief because the lower court's decree contained no such provision and plaintiff had failed to take a cross-appeal.

In the instant case the trial court's order contained no provision awarding damages to plaintiff against Russell. Plaintiff failed to appeal. Therefore, the appellate courts could not grant plaintiff additional relief, *i.e.,* damages, against Russell. *Holman v Moore,* 259 Mich 63; 242 NW 839 (1932). I fail to see how the trial court could do on remand what the Supreme Court could not have done on appeal.

There is some question as to whether or not a motion for summary judgment is a sufficient "subsequent action" in which to invoke the doctrine of res judicata since it is not an independent proceeding.

"The doctrine of res judicata generally prevails as to all subsequent actions and proceedings. Indeed, it has even been held that the effect of an adjudication as res judicata is not confined in its operation to subsequent independent proceedings, but also applies to all collateral proceedings in the same action. On the other hand,

the doctrine of res judicata has been regarded as inoperative where the subsequent proceeding is the same and not a new and different action." 46 Am Jur 2d, Judgments, § 468, pp 634–635.

It is my opinion that the original judgment should be given res judicata effect in all proceedings which occur after plaintiff has lost his ability to appeal or cross-appeal.

If the Supreme Court had not remanded this case for further proceedings, it would seem that plaintiff would be forced to assert his claim against defendant-vendor in a new action. The original judgment would clearly bar his claim in a new action. The fortuity that the case was remanded for further proceedings on an issue other than defendant-vendor's liability for damages should not permit plaintiff to escape the bar of the original judgment.

One purpose underlying the doctrine of res judicata is to insure finality of judgment. This purpose would be circumvented if plaintiff is allowed to assert his claim for damages against defendant-vendor years after the entry of a judgment which fully litigated the issue between the same parties.

For the above reasons, I would affirm the trial court's order denying plaintiff's motion for summary judgment.