HARRINGTON *v.* HUFF & MITCHELL CO.

JUDGMENTS—RES JUDICATA.

> Where, in an action for rent, the plaintiff set up a former suit, alleging that the issue involved was fully determined and adjudicated in that case, and defendant pleaded the general issue and gave notice of a defense which might have been. but was not, interposed on the first trial, *held,* that the judgment in the first suit is res judicata of the defense interposed in the second suit.

Error to Otsego; Sharpe, J. Submitted October 12, 1908. (Docket No. 36.) Decided December 21, 1908.

Assumpsit by William A. Harrington against the Huff & Mitchell Company for rent. There was judgment for defendant, and plaintiff brings error. Reversed.

*William A Harrington,* in pro. per.

*W. L. Townsend,* for appellee.

In August, 1902, plaintiff and defendant executed a written lease, by which plaintiff leased to defendant certain premises for one year, with the privilege of extending the time to 15 months, at a rental of $30 per month. Defendant continued in possession of the premises, paying the monthly rental, until March 20, 1905, when it

vacated them. It served upon plaintiff a written notice that it would vacate the premises in 30 days. At the expiration of that time, defendant moved out and surrendered the keys to plaintiff. Plaintiff claims that he took only such care and possession of the premises as were necessary to their proper protection, and that he then informed defendant's agent that he should hold it for the rent for the residue of the year. When the next month's rent became due, plaintiff brought suit therefor in justice's court. The judgment was appealed to the circuit court, where the plaintiff recovered verdict and judgment for the month's rent. At the expiration of the four months after the month involved in that suit, plaintiff instituted this suit to recover the rent for the four months. In his declaration he set up the former suit, alleging that the issue here involved was fully determined and adjudicated in that case. Defendant pleaded the general issue, and gave notice of release and surrender of the premises and acceptance thereof by plaintiff. The court instructed the jury that, if defendant at the expiration of a year remained in possession of the premises without any new arrangement, the lease was renewed for another year, and that it was decided upon the former trial that the lease was one from year to year. The only question submitted to the jury was that of release and surrender and the unqualified acceptance thereof by the plaintiff. The jury found for the defendant.

GRANT, C. J. (*after stating the facts*). The principal and only question which we need to determine is whether, by the judgment in the former suit, the liability of the defendant is res adjudicata. An examination of the declaration, plea, testimony, charge of the court, and the judgment rendered establishes the fact that both suits are based upon the same lease. The sole issue in the former case was: Is the written lease still in force, or has it been superseded and abandoned by the mutual agreement of the parties? The evidence as to the notice

given by the defendant, the acceptance of the keys, the possession taken, the conversation between them, is sub-stantially the same in both suits. The plaintiff made his case by the production of the lease and evidence that the defendant had continued in possession under it. The burden, as the court held, was then cast upon the defend-ant to show that the lease was not in force, and had been superseded by some other arrangement. It was the duty of the defendant to interpose all the defenses to that issue upon which it relied. The law does not permit a defend-ant to split up his defenses to a single issue. It would be a reproach to the law to permit the defendant to rely, in one suit for the rent, upon the claim that the tenancy had been changed by agreement from a yearly rental into one from month to month, and, in a suit upon the next month's rent, to interpose another defense, that of surren-der and release, and, when sued for a third month's rent, to interpose, perhaps, the defense of a violation of the contract on the part of the lessor. This we understand to be the universal rule, and the authorities cited by the defendant are not in conflict with it.

In *Harrison* v. *Remington Paper Co.*, 140 Fed. 385, 72 C. C. A. 405 (3 L. R. A. [N. S.] 954), the rule is stated thus:

"When the second suit is upon the same cause of action and between the same parties as the first, the judg-ment in the former suit is conclusive in the latter as to every question which was or might have been presented in the former."

In *Henderson* v. *Henderson*, 3 Hare, 100, the Vice Chancellor states the rule thus:

"In trying this question, I believe I state the rule of the court correctly, when I say, that where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of

the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case. The plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

The same rule is recognized in *Cromwell* v. *County of Sac*, 94 U. S. 351. That case well illustrates the application of the rule, and points out the distinction where the former decision is res adjudicata, and where it is not. In that case the former suit was upon a bond issued by the county of Sac, and it was held under the evidence that the plaintiff was not a purchaser for value, therefore not a bona fide purchaser. In a suit upon other bonds, he was permitted to show that as to those bonds he was a purchaser for value and a bona fide purchaser. The former suit was held not to estop the plaintiff to set up that claim. The same bond was not in issue in the second suit. If the second suit had been brought upon an interest coupon of the same bond, it would have involved the good faith of the purchase of that bond, and the judgment would have been res adjudicata as to suits upon the other coupons. This court has also recognized the same rule. *Jacobson* v. *Miller*, 41 Mich. 90; *Bond* v. *Markstrum*, 102 Mich. 11.

The defendant in the first suit permitted its case to go to the jury upon the theory that it had made an arrangement with the plaintiff for a verbal lease from month to month, and that this superseded the written lease. The same testimony as to the surrender and release was before the court in that case as in this. It could have asked the court for an instruction upon that point. At any rate, it was a defense it was then bound to make or be thereafter estopped to assert it upon a second suit for rent.

Judgment reversed, and new trial ordered.

BLAIR, HOOKER, MOORE, and MCALVAY, JJ., concurred.