GURSTEN v. KENNEY.

1. JUDGMENT—COLLATERAL ATTACK.
   The decision of a court having jurisdiction of the proceeding is final, where not appealed, and cannot be collaterally attacked.

2. SAME—RES JUDICATA.
   A judgment on the merits does not require a determination of the controversy after a trial or hearing on controverted facts, it being sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied the law.

3. SAME—RES JUDICATA.
   The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.

4. SAME—ELECTION OF REMEDIES.
   Plaintiff attorney who may have had an election of remedies for alleged tortious conduct of defendant attorneys in extorting money from him in bankruptcy proceedings against one of his clients, but who pursued such matter before the referee in bankruptcy is obligated to abide the adverse result in such choice.

Appeal from Wayne; Montante (James), J. Submitted March 4, 1965. (Calendar No. 69, Docket No. 50,692.) Decided May 10, 1965.

REFERENCES FOR POINTS IN HEADNOTES
[1] 30A Am Jur, Judgments § 844.
[2] 30A Am Jur, Judgments §§ 347, 348.
[3] 30A Am Jur, Judgments §§ 324, 326.
[4] 18 Am Jur, Election of Remedies § 51.

· Complaint by Nat Gursten against Frank E. Kenney, Lewis A. Rockwell, Frank E. Kenney, Jr., Conrad D. Chapman, and John M. Sheridan, doing business as Kenney, Rockwell, Kenney, Chapman & Sheridan, for damages for the alleged extortion of money. Judgment for defendants. Plaintiff appeals. Affirmed.

*Nat Gursten, in propria persona.*

*Kenneth E. Prather,* for defendants.

ADAMS, J. This is an appeal from an order granting defendants' motion to dismiss plaintiff's complaint on the ground of *res judicata.*

Plaintiff, an attorney, complained against the defendants, a firm of attorneys, alleging they forced him to stipulate to an order in the nature of a consent judgment.

A client and business associate of plaintiff became bankrupt. The client's trustee in bankruptcy, represented by defendants, proceeded against plaintiff to recover assets of the client that had been acquired by plaintiff. A compromise of the dispute was reached. On February 15, 1963, the referee in bankruptcy entered an order directing plaintiff to pay $5,800.

On June 12, 1963, plaintiff petitioned the referee to set aside the order, alleging that the settlement had been brought about by the conduct of the trustee's attorneys who had, at a time when plaintiff was in ill health, insisted that the hearings continue, threatened personal litigation based on unfair dealings between plaintiff and his client, and generally pursued a course of action to extort money from plaintiff.

On August 8, 1963, the referee heard the petition. Appellant admits in his brief on appeal that he:

"raised the questions of the alleged tortious conduct of the appellees and that said matters were put in issue as the basis for the taking of testimony."

At the end of that day's hearing, the referee directed the appellant and appellees to appear on August 12, 1963, to continue the proceeding. Plaintiff did not appear, his reason being that he was in another court upon the business of a client.

On August 19, 1963, the referee denied the petition of plaintiff to set aside the compromise order:

"Nat Gursten, having failed to appear and having failed to sustain the burden of proof * * * the petition filed by Nat Gursten * * * is hereby denied."

Plaintiff never proceeded with an appeal in the Federal district court to vacate the order denying his petition. He paid the $5,800, prompted by an order of the district judge.

The trial judge held:

"It is plaintiff's claim that he was in attendance in another court for a client and that it was physically impossible for him to be in two places at the same time. Whether his nonappearance before the referee was voluntary or involuntary is unimportant for decision. As an aggrieved party, he had the right to appeal from the order of the referee, which he did not do. Moreover, he paid the settlement amount, upon his being ordered so to do by the Federal district court, on penalty of contempt. * * *

"It is his claim, however, that since his proceedings to revoke proved abortive, the bankruptcy court did not and could not have passed on his claim of tortious conduct; that, therefore, he has the right to renew said charges herein; and that the plea offered by defendants—whether it be called *res judicata,* former adjudication or collateral estoppel—is no bar.

"Plaintiff's claim is untenable. Indispensable to the approval of the settlement agreement in bank-

ruptcy court was an inferential finding of good faith negotiations between the parties, resulting in a voluntary agreement—untainted by fraud or overreaching, by duress, or by any other infirmity. The settlement agreement was akin to a contract. When the contract was challenged by plaintiff through proceedings initiated before the very court that had approved the contract, and the proceedings were not completed by plaintiff, regardless of the reason, and he thereafter performed the contract by paying the amount due, he is thereafter estopped to challenge anew the validity of the contract and the means by which it was procured, on the familiar principle of *res judicata.*"

Upon this appeal plaintiff reiterates his position as follows:

"Appellant submits that although he raised the questions of the alleged tortious conduct of the appellees and that said matters were put in issue as the basis for the taking of testimony before the bankruptcy referee; nevertheless, said matters and issues were never decided and were never determined so as to be conclusive on the instant matter before this Court."

Plaintiff misconceives his rights. The correct rule is stated in *Olsen* v. *Muskegon Piston Ring Co.,* 117 F2d 163 (1941). In that case a Federal district court had entered an order of dismissal because the plaintiff failed to proceed to trial upon the merits. A second suit was instituted upon the same grounds. The court of appeals, in upholding the Federal district court's decision that the matter was *res judicata,* stated (p 165):

"The dismissal of the first suit was entered upon a finding and legal conclusion made after hearing, and after calling upon appellant to go forward with proof in support of his claim. These findings and conclusions constitute a judicial determination

which was affirmed by this court. No appeal was taken from the affirmance, and hence the decision is final and cannot be collaterally attacked. * * *

"A judgment on the merits does not require a determination of the controversy after a trial or hearing on controverted facts. It is sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied the law. 2 Freeman on Judgments (5th ed), §§ 723–725."

Language in opinions of this Court indicates that, for *res judicata* to apply, the question must in fact have been litigated in the first proceeding.

In *MacKenzie* v. *Union Guardian Trust Co.*, 262 Mich 563, such language appears at pages 581, 582. The case concerned the construction of a will, it being claimed that such construction had resulted from the allowance of annual accounts. The Court held that such allowance had nothing to do with construction of the will.

In *Meister* v. *Dillon*, 324 Mich 389, such language appears at pages 394, 395, and 396. The question in a first suit had been whether a deed was delivered. The second suit was for specific performance of a contract to leave real estate. Defendants contended that plaintiff could have asserted her claim for specific performance by cross-bill in the first case. The Court held that, while she might have done so, the subject matter of the two suits was wholly different and she was not now precluded from raising her claim.

In *Detroit Trust Company* v. *Furbeck*, 324 Mich 401, such language appears at page 414. The case involved distribution of liquidating dividends. It was held that two earlier suits had nothing to do with that controversy, such dividends not even having been contemplated at the time of the earlier actions

and that unknown and remotely contingent rights would not be held to have been adjudicated in the earlier cases.

The correct rule is found in *Henderson* v. *Henderson,* 3 Hare 100, 115 (67 Eng Rep 313), and is quoted in Michigan decisions from *Harrington* v. *Huff & Mitchell Co.,* 155 Mich 139, 142, to *Shank* v. *Castle,* 357 Mich 290, 295:

" 'The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.' "

It will be seen that in *MacKenzie, Meister,* and *Detroit Trust Company* the point which was raised in the later litigation either did not properly belong in the earlier or did not have to be then raised. These cases come within the correct rule in spite of any seemingly contrary language in the opinions.

While plaintiff may have had an election of remedies for the alleged tortious conduct of the defendants, he elected to pursue the matter before the referee in bankruptcy. Having made that choice, he was under obligation to pursue it or abide by an adverse result because of his failure to do so. The trial judge did not err.

Affirmed. Costs to appellees.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.