## CAUGHEY v. ROZYCKI

1. DISMISSAL AND NONSUIT—NO PROGRESS CASE—RES JUDICATA.

   Dismissal of a "no progress" case does not operate as a meritorious adjudication; therefore the doctrine of *res judicata* does not block reinstitution of that action.

2. DISMISSAL AND NONSUIT—COURT RULES—NO PROGRESS.

   A circuit judge is required by court rule to supervise periodically the call in open court of all civil actions pending and undisposed of in which no steps or proceedings appear to have been taken within one year; however, that court rule also permits a local rule to provide notice by publication in place of the general call of the calendar in open court (GCR 1963, 501.3).

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 505 *et seq.*
[2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 59 *et seq.*
[3] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 56, 57. 46 Am Jur 2d, Judgments § 503.
[4] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 88 *et seq.*

3. Dismissal and Nonsuit—Involuntary Dismissal—Court Rule.
The court rule providing for dismissal of a plaintiff's action for failure to comply with court rules contemplates that a circuit judge will exercise his judgment as to whether such an involuntary dismissal shall operate as an adjudication upon the merits and that this involuntary dismissal be a particularized judgment on the facts and merits of each case but such an individualized judgment does not occur when a case is dismissed for lack of progress along with dozens of other cases (GCR 1963, 504.2).

4. Dismissal and Nonsuit—Reinstatement—No Progress Dismissal.
An order of reinstatement or an order denying accelerated judgment permits a plaintiff to obtain a hearing on the merits of his claim without regard to a no progress dismissal.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 November 12, 1969, at Lansing. (Docket No. 7,036.) Decided February 27, 1970. Leave to appeal denied July 22, 1970. 383 Mich 807.

Complaint by Robert G. Caughey against Walter J. Rozycki for labor and materials. Defendant's motion for accelerated judgment denied. Defendant appeals. Affirmed.

*Bogues, O'Donnell & Petteys,* for plaintiff.

*Riseman, Lemke & Piotrowski,* for defendant.

Before: Levin, P. J., and T. M. Burns and Danhof, JJ.

Levin, P. J. The question presented is whether the dismissal of a "no progress" case operates as an adjudication upon the merits and, thus, because of the doctrine of *res judicata,* blocks reinstitution of the action. We hold that such a dismissal does not operate as a meritorious adjudication, and that suit can be brought again.

The plaintiff commenced an action against the defendant by filing a complaint on June 13, 1966; the defendant filed an answer and counterclaim, and the plaintiff replied. That action appeared on the no progress calendar and was dismissed for lack of progress on May 6, 1968.

The plaintiff commenced this action on September 19, 1968, asserting the same claims against the defendant set forth in the earlier filed complaint. The defendant moved for accelerated judgment, claiming that the no progress dismissal of the earlier action operated as an adjudication upon the merits barring the reassertion of the claims and now appeals, on leave granted, an order denying his motion for accelerated judgment.

GCR 1963, 501.3 requires a circuit judge periodically to supervise the call in open court of all civil actions pending and undisposed of in which no steps or proceedings appear to have been taken within one year and permits a local rule to provide for notice by publication in place of the general call of the calendar in open court.[1] This rule also provides that, "the court may direct the clerk to enter an order dismissing the action for want of prosecution."

---

[1] Under present Sixth Judicial Circuit local rule 9, which did not become effective until after the dismissal of the original action filed in this case, written notice that a case is on a no-progress calendar is required to be given to attorneys of record whose business addresses are located outside the county.

In this case the business address of the defendant's attorney was in Wayne county; the business address of the plaintiff's attorney was in Oakland county. The clerk of the circuit court mailed to the attorney for the defendant written notice that the action was on the no progress calendar. It does not appear that such a notice was sent to the attorney for the plaintiff, but he conceded during the oral argument in our Court that he was aware that the action was on the no progress calendar. The notice given the defendant's attorney in this case is probably attributable to an early start-up of the notice-giving machinery shortly before the May 13, 1968 effective date of local rule 9.

Local rule 7 of the Sixth Judicial Circuit (Oakland county) required the clerk monthly to publish a list of no progress cases in the Pontiac-Oakland County Legal News and provided that they shall be dismissed unless cause be shown "to the contrary."[2]

The May 6, 1968 journal of the circuit judge who dismissed the original action lists 44 cases for possible dismissal because of lack of progress, of which 7 were subsequently deleted by drawing a line through the captions and file numbers identifying them. No formal order dismissing plaintiff's action was ever entered.

Putting aside, because neither briefed nor argued by the parties, the question whether a journal entry can function as an order,[3] we address ourselves to the defendant's contention that the no progress dismissal of the original action was an involuntary dismissal and, by reason of GCR 1963, 504.2, that it operated as an adjudication upon the merits.

Rule 504.2 provides:

"For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in

---

[2] Local rule 7; this rule was subsequently amended and is now rule 9.

[3] In this connection see *Hartman* v. *Roberts-Walby Enterprises, Inc.* (1968), 380 Mich 105, which appears to hold that journal entries denying motions to set aside a default and for rehearing do not function as entered orders for purposes of computing the time within which appeal may be taken as of right. In that case a journal entry was noted on July 11, 1966 of the judge's decision to deny a motion to set aside default. An order denying the motion was not entered until August 4, 1966; prior to the entry of that order, but after the journal entry of July 11, 1966, a motion for rehearing was filed on July 18, 1966. An order denying rehearing was entered October 10, 1966. It was held that the time for appeal began to run on October 10, 1966. See, also, *People* v. *Norman* (1968), 9 Mich App 647, 650, 651.

this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

The defendant points out that a no progress dismissal (Rule 501.3) is a dismissal not provided in "this rule" (Rule 504) and contends that, because the "order" dismissing the plaintiff's action did not specify that the dismissal would be without prejudice, the dismissal, by reason of Rule 504.2, operated as an adjudication upon the merits. The construction of Rule 504.2 urged by the defendant is literally plausible. It is not, however, consonant with our understanding of the practice or the sense of Rules 504.2 and 501.3.

A great many cases are dismissed for lack of progress. No individual consideration is given to a particular case on a no progress dismissal list unless an attorney appears or files a motion asking that it be removed from the list. Rule 504.2 contemplates, however, that the circuit judge will exercise his judgment[4] as to whether an involuntary dismissal shall operate as an adjudication upon the merits and that this be a particularized judgment made on the facts and merits of each case. Such individualized judgment simply does not take place when a case is dismissed for lack of progress with dozens of other cases.

No progress dismissals are generally handled ministerially, as is evidenced by the procedure following in this instance; the circuit judge did not consider the matter, he exercised no judgment, he did not attempt to determine whether there was any distinction or basis for differentiation between the antecedent of the present action and the several

---

[4] *Cf. Covington Mutual Insurance Company* v. *Copeland* (1969), 382 Mich 109, 111.

dozen other actions being dismissed at the same time.

If a defendant were to move for dismissal because of a lack of prosecution and an order of dismissal was entered, such an order would, no doubt, operate as an adjudication on the merits.[5] But before entering such an order the court, presumably, would give individual consideration to the question whether the order should contain a "without prejudice" proviso. The procedure to be followed in such a case is not at all comparable to the general housecleaning by publication which takes place when large numbers of cases are dismissed for lack of progress without any individualized consideration of whether the dismissal should be with prejudice.[6]

---

[5] *Cf. Rose* v. *Rose* (1968), 10 Mich App 233.

[6] Rule 501.3 is modeled on rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b), unlike the Michigan rule, expressly provides that a defendant may move for dismissal because of a failure to prosecute. There is no provision for general housecleaning no progress dismissals in the Federal Rules of Civil Procedure, but it appears, upon an examination of the Federal cases, that some district courts have promulgated local rules providing for such dismissals.

While it has been held that a judge enjoys the inherent power to dismiss a case for lack of progress and that he may do so without notice (*Link* v. *Wabash R. Co.* [1962], 370 US 626 [82 S Ct 1386, 8 L Ed 2d 734], *rehearing denied* 371 US 873 [83 S Ct 115, 9 L Ed 2d 112]; see, also, *Durham* v. *Florida E. C. R. Co.* [CA 5, 1967], 385 F2d 366, where it was found that this power was abused), we found no Federal case deciding whether a general housecleaning dismissal for lack of progress under a local district court rule, not specifying whether it is with or without prejudice, would be deemed a with-prejudice dismissal under the "any dismissal" provision of Rule 41(b). That being the structure of the Federal Rules of Civil Procedure and the state of the Federal case law *today*, it is greatly to be doubted whether the revisers of our court rules and judicature act had in mind, in the early 1960s when this work was being done, the kind of case we now have before us today when they copied into Rule 501.3 this language of Rule 41(b). *Cf. Zaroff* v. *Holmes* (1967), 127 App DC 1 (379 F2d 875, 877), holding that a local rule providing for dismissal of an action in the event of counsel's failure to appear at a pretrial conference which was silent as to whether such a dismissal would be with prejudice would be interpreted as not intending that the dismissal be with prejudice; the court observed that if the local rule was "to have the effect claimed for it, it should speak much more clearly to that end than it does now."

Nor do we think, contrary to another of the defendant's contentions, that we would be justified in inferring that the draftsmen of the 1963 revised judicature act and general court rules intended that no progress dismissals be with prejudice from their failure to retain in Rule 501.3 an express provision that such dismissals shall be "without prejudice" as was provided in the section of the former judicature act[7] concerning dismissal of cases for lack of progress which was replaced by Rule 501.3. While this is a permissible inference, the words "without prejudice" may not have been retained simply because the concept that no progress dismissals are without prejudice was thought to be so well established that it was no longer necessary to have an express statement to that effect. We are inclined to the latter view; we think that if such a sweeping change had been intended it would have been clearly highlighted and the attention of the profession directed to it long before now.

We also observe that cases dismissed for lack of progress are frequently "reinstated."[8] If a no progress dismissal operated as an adjudication on

---

Furthermore, it is to be doubted whether a local rule could deprive a judge of his discretion under Rule 501.3 to make his order of dismissal one without prejudice and under Rule 528.3 to relieve a party from the with-prejudice aspect of a dismissal order. Discretion is confided to judges in those cases where it is impracticable to frame an absolute rule because disparate factors must be weighed. See *Noonan* v. *Cunard Steamship Co., Ltd.* (CA 2, 1967), 375 F2d 69, 71; *cf. Zaroff* v. *Holmes, supra,* p 878. Also *cf. Link* v. *Wabash R. Co., supra,* p 632, discussing the escape hatch of Rule 60(b) on which our Rule 528.3 is based.

[7] CL 1948, § 618.2 (Stat Ann § 27.982).

[8] The Oakland circuit court rules do not contain a specific provision for reinstatement. It is understood, however, that cases dismissed for lack of progress are frequently reinstated in that circuit. The rules of the Wayne circuit court expressly provide for reinstatement but impose a time limit; a case may not be reinstated after a year has elapsed from the date of its dismissal. (Wayne Circuit Court Rule 17.6 [Honigman & Hawkins, Mich Court Rules (1969 ed), pp 563, 564]). See *Del Prado Motel, Inc.* v. *Charles J. Rogers, Inc.* (1968), 14 Mich App 728.

the merits, then an action so dismissed could not be reinstated without a court rule authorizing reinstatement; we are aware of none except the general power which the court enjoys under GCR 1963, 528.3 to "relieve a party or his legal representative from a final judgment, order or proceeding for * * * (6) any other reason justifying relief from the operation of the judgment." An order reinstating a case dismissed for lack of progress can, indeed, be viewed as relief from an earlier dismissal order. But so, too, can the trial judge's order in this case denying the defendant's motion for accelerated judgment. Whether termed an order of reinstatement or an order denying accelerated judgment, the function and effect of the order is the same: it permits the plaintiff to obtain a hearing on the merits of his claim without regard to the no progress dismissal.[9]

The defendant argues that he will be prejudiced by entertainment of this action because the statute of limitations may have run on a portion of his counterclaims. It appears that the plaintiff may have permitted the original action to be dismissed for lack of progress in order to bar defendant's counterclaims. We see no need to decide whether counterclaims which could have been asserted in the plaintiff's original action would be barred because of the passage of time. We note, however, that upon commencement of the actions and service of copies of the summonses and complaints upon the defendant, the statute of limitations was tolled;

---

[9] We have considered the authors' comment in 2 Honigman & Hawkins, Mich Court Rules Annotated (2d ed), p 332, that Rule 504.2 "may apply * * * [to a] failure to prosecute, as provided by sub-rule 501.3." (Emphasis supplied.) We decline to adopt this suggestion, which does not appear to have taken into account the considerations to which we have alluded.

it did not run while the actions were pending. MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856).[10]

Affirmed. Costs to plaintiff.

All concurred.

---

[10] The accompanying committee comment provides (MCLA § 600-.5856, p 945):

"In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) of an action in which jurisdiction over the defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of limitation, for during such time the statute has been tolled."

See, also, 34 Am Jur, Limitations of Actions, § 411 *et seq.* and 53 CJS, Limitations of Actions, § 25, p 962, concerning estoppel to rely upon the statute of limitations. *Cf. Strauss* v. *Douglas Aircraft Co.* (CA 2, 1968), 404 F2d 1152.

See, also, MCLA § 600.5283 (Stat Ann 1962 Rev § 27A.5283) excepting certain counterclaims from the operation of the periods of limitations.