CORLEY *v.* KRAWCZAK

OPINION OF THE COURT

1. DISMISSAL AND NONSUIT—NO-PROGRESS DISMISSAL.

A dismissal for no progress acts as an adjudication upon the merits of the action unless the court in its order specifically states otherwise (GCR 1963, 504.2).

CONCURRENCE BY T. M. BURNS, J.

2. DISMISSAL AND NONSUIT—NO-PROGRESS DISMISSAL.

*A dismissal of an action for no progress acts as an adjudication upon the merits where the court's order results from a motion made by the defendant and the order does not otherwise specify or state that it is without prejudice; however, a dismissal of an action for no progress which is handled ministerially by the court is not an adjudication upon the merits (GCR 1963, 501.3, 504.2).*

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 May 5, 1971, at Detroit. (Docket No. 10116.) Decided June 23, 1971.

Complaint by Henry Corley and Florence Corley against Leonard R. Krawczak and the Automobile Club of Michigan for damages for injuries suffered in an automobile collision. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Bellinson & Doctoroff* (*Ronald D. Feldman*, of counsel), for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 72 *et seq.*

*Sullivan, Sullivan, Ranger & Ward (Richard A. Bone,* of counsel), for defendant Krawczak.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

J. H. GILLIS, J. This is an appeal as of right from an order entered granting summary judgment for the defendants in a negligence case.

On January 3, 1963, plaintiff was seriously injured when struck by a wrecker operated by an employee of defendant Krawczak. As a result of this accident a suit was filed by plaintiffs against defendants on May 6, 1963. This first suit was dismissed by the trial court on November 10, 1967, for lack of progress after a motion to dismiss was filed by defendants. The dismissal of this first suit was appealed to this Court and was affirmed in *Corley* v. *Krawczak* (1969), 16 Mich App 176.

On February 19, 1970, plaintiffs filed a new lawsuit against defendants alleging the same cause of action as in the first suit. A motion for summary judgment was filed by defendants on the grounds that the dismissal of the first suit for no progress acted as an adjudication upon the merits under GCR 1963, 504.2. The trial court granted defendants' motion for summary judgment and plaintiffs appeal.

Plaintiffs argue on appeal that the prior dismissal did not act as an adjudication upon the merits, so this subsequent action should not be barred.

GCR 1963, 504.2 states that a dismissal for no progress acts as an adjudication upon the merits of the action unless the court in its order specifically states otherwise. In the instant case the order of dismissal entered in the prior suit did not state that the dismissal was to be without prejudice. Therefore, under GCR 1963, 504.2, the prior dismissal acts

as an adjudication upon the merits and bars this subsequent suit. *Rose* v. *Rose* (1968), 10 Mich App 233. See, also, *Green* v. *Wayne Soap Company* (1971), 33 Mich App 74.

Affirmed. Costs to appellee.

V. J. Brennan, P. J., concurred.

T. M. Burns, J. (*concurring*). I agree that the dismissal for lack of progress in this case was an adjudication on the merits. I would point out, however, the difference between the instant case, where the dismissal was based upon defendants' motion, and the question presented to this Court in *Caughey* v. *Rozycki* (1970), 22 Mich App 317, where the dismissal for lack of progress was a purely perfunctory one performed by the trial court.

In *Caughey*, a panel of this Court, on which I participated, held that a no-progress dismissal which was handled ministerially by the trial court would not constitute an adjudication on the merits. However, the Court did, in an opinion by Judge Levin, state:

"If a defendant were to move for dismissal because of a lack of prosecution and an order of dismissal was entered, such an order would, no doubt, operate an adjudication on the merits." *Caughey* v. *Rozycki, supra,* p 322.

In the instant case the defendants did move for the dismissal. Therefore, in this instance, I agree that the dismissal should operate as an adjudication on the merits.