BROWNRIDGE v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 49751. Submitted October 13, 1981, at Detroit.—Decided May 4, 1982.

Joan Brownridge brought an action against Michigan Mutual Insurance Company in the United States District Court for the Eastern District of Michigan alleging wrongful discharge from employment. Plaintiff claimed her discharge by defendant was the product of sexual discrimination in violation of federal law. Plaintiff stipulated to the dismissal with prejudice of the action in federal court. An order dismissing the case was entered. Prior to that order's being entered, plaintiff commenced an action against defendant in Wayne Circuit Court seeking damages and equitable relief for wrongful discharge from employment. Plaintiff claimed that she had been discharged for refusing to engage in "redlining" practices. Defendant's motion for accelerated and summary judgment was denied, Harold M. Ryan, J. Defendant appeals by leave granted. *Held:*

Plaintiff's action in the circuit court was barred by the doctrine of res judicata. The circuit court erred in denying defendant's motion for accelerated judgment.

Reversed.

1. JUDGMENTS — RES JUDICATA.

The plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment but to every point which properly belonged to the subject of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.

2. JUDGMENTS — RES JUDICATA.

A judgment, to constitute a bar to a claim in a subsequent action, must be rendered upon the merits, upon the same matter in issue, and between the same parties or their privies.

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments §§ 394, 420, 423, 424, 426.
[2] 46 Am Jur 2d, Judgments §§ 477, 478.
[3, 4] 46 Am Jur 2d, Judgments §§ 482, 494.

3. JUDGMENTS — VOLUNTARY DISMISSAL WITH PREJUDICE — RES JUDICATA.

   A voluntary dismissal of an action with prejudice is a final judgment on the merits for res judicata purposes.

4. JUDGMENTS — FEDERAL COURTS — STATE COURTS — RES JUDICATA.

   A voluntary dismissal with prejudice of an action in federal court was entitled to res judicata effect in a state court action where the two actions arose out of the same transaction, involved points which properly belonged to the subject of litigation and involved the same matter in issue, and the fact that the state action was commenced before the federal judgment was entered does not alter this result.

*David K. Wenger,* for plaintiff.

*Riley & Roumell* (by *Craig W. Lange),* for defendant.

Before: MacKENZIE, P.J., and BRONSON and BEASLEY, JJ.

MacKENZIE, P.J. Plaintiff brought this action against her former employer to obtain damages and equitable relief for an allegedly wrongful discharge from employment. Plaintiff claimed that she had been discharged by defendant for refusing to engage in certain discriminatory "redlining" practices. Plaintiff claimed that such practices were contrary to public policy and violated the Uniform Trade Practices Act, MCL 500.2001 *et seq.;* MSA 24.12001 *et seq.* Defendant's motion for accelerated and summary judgment was denied and defendant appeals by leave granted.

We need only address one of the issues raised by defendant. Defendant argues that this action was barred by res judicata and that the circuit judge therefore erred by denying its motion for accelerated judgment pursuant to GCR 1963, 116.1(5). Plaintiff had commenced an action against defen-

dant in the United States District Court for the Eastern District of Michigan on January 19, 1979. In that action, plaintiff claimed that her discharge by defendant was the product of sexual discrimination in violation of federal law. Plaintiff stipulated to the dismissal with prejudice of the action in federal court and an order dismissing the case with prejudice was entered on August 28, 1979. Plaintiff's action in state court commenced on August 10, 1979.

In *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 160; 294 NW2d 165 (1980), the Court explained its position on res judicata as follows:

"Our opinions have endorsed both a narrow and a broad application of the rule. Narrow application bars a second action only if the same question was actually litigated in the first proceeding. Broad application bars as well those claims arising out of the same transaction which plaintiff could have brought, but did not. In recent opinions, we have acknowledged the conflicting language and opted for the broad rule. *Gursten v Kenney,* 375 Mich 330, 334-335; 134 NW2d 764 (1965) (order of dismissal); *Curry v Detroit,* 394 Mich 327, 332; 231 NW2d 57 (1975) (order of summary dismissal)." (Footnotes omitted.)

*Gursten* and *Curry* indicate that Michigan follows the rule stated in *Henderson v Henderson,* 3 Hare 100, 115; 67 Eng Rep 313 (1843), and quoted in *Harrington v Huff & Mitchell Co,* 155 Mich 139, 142; 118 NW 924 (1908):

"The plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

The rule was further explained in *Curry, supra,* 331, quoting *Tucker v Rohrback,* 13 Mich 73, 75 (1864):

"[A] judgment, to constitute a bar to a claim in a subsequent action, must be rendered upon the merits, upon the same matter in issue, and between the same parties or their privies."

Since both actions arose out of the same discharge from employment, both actions arose "out of the same transaction", both actions involved "point[s] which properly belonged to the subject of litigation", and both involved "the same matter in issue". See *Arnold v Masonic Country Club,* 268 Mich 430; 256 NW 472 (1934). A voluntary dismissal with prejudice is a final judgment on the merits for res judicata purposes. *Astron Industrial Ass'n, Inc v Chrysler Motors Corp,* 405 F2d 958 (CA 5, 1968). That plaintiff could have brought her state claims in the federal action may be shown by reference to *United Mine Workers of America v Gibbs,* 383 US 715, 725; 86 S Ct 1130; 16 L Ed 2d 218 (1966):

"Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * *,' US Const, art III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. *Levering & Garrigues Co v Morrin,* 289 US 103 [53 S Ct 549; 77 L Ed 2d 1062 (1933)]. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be

expected to try them all in one proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." (Footnotes omitted, emphasis in original.)

Had plaintiff raised her state claims in federal court, the federal judge would have had discretion to decline to hear them. *Id.,* 726. However, we see no reason why the existence of such discretion should limit the res judicata effect of a federal judgment where, as here, plaintiff never gave the federal judge an opportunity to exercise his discretion.

Plaintiff relies on GCR 1963, 203.1:

"A complaint shall state as a claim every claim either legal or equitable which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the action and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. *Failure by motion or at the pretrial conference to object to improper joinder of claims or to a failure to join claims required to be joined constitutes a waiver of the required joinder rules and the judgment shall not merge more than the claims actually litigated."* (Emphasis added.)

In *Rogers v Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 405 Mich 607; 275 NW2d 499 (1979), a majority of the Court agreed that the language emphasized above meant that failure to comply with the rule waived in a subsequent action the defense of res judicata for a claim which could have been brought in the first action. Here, however, the first action took place in federal court. Michigan's General Court Rules do not purport to apply to actions in federal court. GCR

1963, 11. The Federal Rules of Civil Procedure contain no analogous provision. We see no basis for an argument that the federal court was required to follow state procedure in this situation. Compare *Sibbach v Wilson & Co,* 312 US 1; 61 S Ct 422; 85 L Ed 479 (1941), and *Hanna v Plumer,* 380 US 460, 469-474; 85 S Ct 1136; 14 L Ed 2d 8 (1965). In this connection we note that application of Michigan's "broad rule" of res judicata has never been held to depend on the availability in the first action of a waiver rule similar to that contained in GCR 1963, 203.1. For example, in *Rogers, supra,* the Court interpreted the waiver rule while finding it unnecessary to choose between the "narrow rule" and the "broad rule". In early cases such as *Harrington, supra,* the "broad rule" was applied although no waiver rule existed.

The res judicata effect of the federal judgment is not altered because plaintiff commenced the state action before the federal judgment was entered. See *Kline v Burke Construction Co,* 260 US 226, 229-230; 43 S Ct 79; 67 L Ed 226 (1922):

"It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court. Where the action is *in rem* the effect is to draw to the federal court the possession or control, actual or potential, of the *res,* and the exercise by the state court of jurisdiction over the same *res* necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction.

\* \* \*

"But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, *the effect of that judgment is to be determined by the application of the principles of* res adjudicata *by the court in which the action is still pending* in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case." (Emphasis added.)

Reversed.