**Ralph WILKIE, Plaintiff,**

v.

**SCHWAN'S SALES ENTERPRISES, INC., a foreign corporation, Defendant.**

**No. K 82–12.**

United States District Court, W. D. Michigan.

June 11, 1982.

---

Michael C. Bingen, Kalamazoo, Mich., for plaintiff.

Paul Taglia, St. Joseph, Mich., for defendant.

## OPINION

ENSLEN, District Judge.

This case requires the Court to determine whether a dismissal for no progress under Michigan law constitutes an adjudication on the merits so that the doctrine of *res judicata* bars the subsequent reinstitution of an action thus dismissed.

On January 18, 1982, Plaintiff, Ralph Wilkie, filed suit in this Court against Defendant, Schwan's Sales, alleging that Defendant breached Plaintiff's employment contract by wrongfully terminating him in retaliation for his desire to obtain workers compensation for a medical condition which was surgically corrected. Defendant answered and on March 5, 1982, moved for judgment on the pleadings asserting that the instant Complaint must be dismissed as being barred by a prior judgment rendered in the St. Joseph County Circuit Court.

To warrant the grant of summary judgment, the moving party bears the burden of establishing the non-existence of any genuine issue of fact that is material to a judgment in his favor. *Adickes v. S. H. Kress & Company*, 398 U.S. 144, 147, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Articles of Device ... Diapulse*, 527 F.2d 1008, 1011 (CA 6 1976); *Tee-Pak, Inc. v. St. Regis Paper Company*, 491 F.2d 1193 (CA 6 1974). If no genuine issue as to any material fact is established, the moving party is entitled to judgment as a matter of law. *Chavez v. Noble Drilling Company*, 567 F.2d 287 (CA 6 1978); *Irwin v. U. S.*, 558 F.2d 249 (CA 6 1977).

In determining whether or not there are issues of fact requiring a trial, "the inferences to be drawn from the underlying facts contained in the (affidavits, attached exhibits, and depositions) must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Bohn Aluminum & Brass Corporation v. Storm King Corporation*, 303 F.2d 425 (CA 6 1962). Even if the basic facts are not disputed, summary judgment may be inappropriate when contradic-

tory inferences may be drawn from them. *United States v. Diebold, supra; E. E. O. C. v. United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry, Local 189,* 427 F.2d 1091, 1093 (CA 6 1970). In making this determination, the Court must make reference to the entire record and all well pleaded allegations are to be accepted as true. *Dayco Corporation v. Goodyear Tire and Rubber Company,* 523 F.2d 389 (CA 6 1975); *Holmes v. Insurance Company of North America,* 288 F.Supp. 325 (D.C.Mich.1968); *Mahler v. U. S.,* 196 F.Supp. 362 (D.C.Pa.1961). These guidelines will be adhered to as substantive issues of the motion are examined.

As the basis of jurisdiction in this suit is diversity of citizenship, the Court looks to state substantive law. Since the alleged injurious conduct occurred in Michigan, this Court is guided by Michigan law on the issue.

■ In *Mango v. Plymouth Township Board of Trustees,* 33 Mich.App. 715, 190 N.W.2d 285 (1971), the Court of Appeals defined *res judicata* as the doctrine which bars a subsequent action between the same parties when the facts or evidence essential to the maintenance of two actions are identical. "The doctrine of res judicata applies only when the issues and parties or their privies in the prior litigation are identical". *Sheridan Drive Association v. Woodlawn Backproperty Owners Association,* 29 Mich. App. 64, 68, 185 N.W.2d 107 (1970); *Topps-Toeller, Inc. v. City of Lansing,* 47 Mich. App. 720, 209 N.W.2d 843 (1973). In other words, a judgment, to constitute a bar to a claim in a subsequent action, must be rendered on the merits, on the same matter in issue, and between the same parties or their privies. *Hewett Grocery Company v. Biddle Purchasing Company,* 289 Mich. 225, 286 N.W. 221 (1939); *Zak v. Gray,* 324 Mich. 522, 37 N.W.2d 550 (1949); *Hammitt v. Straley,* 338 Mich. 587, 61 N.W.2d 641 (1954); *Gomber v. Dutch Maid Dairy,* 42 Mich.App. 505, 202 N.W.2d 566 (1972); *Mazzola v. Vineyard Homes, Inc.,* 54 Mich.App. 608, 221 N.W.2d 406 (1974); *Fry v. Kaiser,* 60 Mich.App. 574, 232 N.W.2d 673 (1975).

Here, it is apparent that a prior judgment of dismissal was rendered by the St. Joseph County Circuit Court. A review of the Complaint filed in that suit reveals that the matters in issue there are the same as those raised in this suit and that the parties in both the state and federal litigation are exactly the same. The question which remains, however, is whether the state court judgment was a final judgment on the merits so that the elements of *res judicata* are established.

As noted by the Defendant, historically, the dismissal of a case on the no-progress calendar was considered to be without prejudice. See M.C.L.A. § 618.2; M.S.A. § 27.-982. Since then, this statutory provision has been replaced by Michigan General Court Rule 501, which became effective on January 1, 1963. That Court Rule (GCR 1963 501.3) provides in pertinent part:

> ... If none of the parties or their attorneys appear at the time and place set for the general call and answer when their action is called, the court may direct the clerk to enter an order dismissing the action for want of prosecution. If at the call it is shown that the failure to take steps or proceedings is not due to the plaintiff's fault or lack of reasonable diligence on his part, the action will not be dismissed. The court may then order the action set down for final disposition at a specified date, or place it on the calendar for trial or hearing in due course, or make such other orders as may facilitate its prompt and just disposition.

Interestingly, at no place within the context of this Court Rule is it designated whether a no-progress dismissal is with or without prejudice. However, this Court Rule must be read in conjunction with GCR 1963, 504.2 which states:

> .2 Involuntary Dismissal; Effect. For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence to the court in any action tried without a jury, the de-

fendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Thereupon, the court as trier of the facts may determine them and render judgment against the plaintiff, or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 517. Unless the court in its order for dismissal otherwise specifies, *a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits.* (Emphasis supplied.)

In the instant case, the order of dismissal in the state court proceeding did not "otherwise specify" what type of dismissal was being entered. Thus, upon application of the aforestated Court Rule, the dismissal therein appears to be an adjudication upon the merits.

This finding, however, is contrary to the decision rendered by the Court of Appeals in *Caughey v. Rozycki,* 22 Mich.App. 317, 177 N.W.2d 257 (1970), where it was held that a dismissal for no progress does not operate as a meritorious adjudication on the merits and that suits so dismissed were not barred from subsequent reinstitution. There, the defendant contended that a previous no-progress dismissal under Rule 501.3 was a dismissal not provided for in Rule 504, and that because the order dismissing the plaintiff's action did not specify that the dismissal would be without prejudice, the dismissal by reason of Rule 504.2 operated as an adjudication upon the merits. Judge (now Justice) Levin reasoned for the Court:

The construction of Rule 504.2 urged by the defendant is literally plausible. It is not, however, consonant with our understanding of the practice or the sense of Rules 504.2 and 501.3.

A great many cases are dismissed for lack of progress. No individual consideration is given to a particular case on a no progress dismissal list unless an attorney appears or files a motion asking that it be removed from the list. Rule 504.2 contemplates, however, that the circuit judge will exercise his judgment as to whether an involuntary dismissal shall operate as an adjudication upon the merits of each case. Such individualized judgment simply does not take place when a case is dismissed for lack of progress with dozens of other cases.

No progress dismissals are generally handled ministerially, as is evidenced by the procedure following in this instance; the circuit judge did not consider the matter, he exercised no judgment, he did not attempt to determine whether there was any distinction or basis for differentiation between the antecedent of the present action and the several dozen other actions being dismissed at the same time.

If a defendant were to move for dismissal because of a lack of prosecution and an order of dismissal was entered, such an order would, no doubt, operate as an adjudication on the merits. But before entering such an order the court, presumably, would give individual consideration to the question whether the order should contain a 'without prejudice' proviso. The procedure to be followed in such a case is not at all comparable to the general housecleaning by publication which takes place when large numbers of cases are dismissed for lack of progress without any individualized consideration of whether the dismissal should be with prejudice. (Footnotes omitted) 22 Mich. App. at 321–322, 177 N.W.2d 257.

The Court of Appeals declined to follow *Caughey* in *Green v. Wayne Soap Company,* 33 Mich.App. 74, 189 N.W.2d 729 (1971), where it was held that no-progress dismissals were adjudications on the merits for *res judicata* purposes and that such dismissals did bar reinstitution of suits so dismissed. Judge Levin, in dissent, reiterated the concern of the *Caughey* Court that "housecleaning" dismissals do not operate as an

adjudication upon the merits so that the doctrine of *res judicata* does not block reinstitution of an action dismissed for "no progress". The dissent however was limited in scope to the question of whether "housecleaning" no-progress dismissals are adjudications on the merits.

There is not before us the separate question of whether a dismissal for *lack of prosecution* following individualized consideration (upon a defendant's motion or the court's own motion for dismissal) should be with prejudice and, therefore, operate as an adjudication on the merits. (Emphasis in original; footnote omitted). 33 Mich.App. at 79, 189 N.W.2d 729.

Judge Levin explained that "individualized consideration" requires the trial court to consider all the pertinent circumstances of a particular case before the trial court's discretion is exercised to dismiss a case for "failure to prosecute".

Professor Moore has observed:

... *The mere lapse of time does not justify dismissal* if the plaintiff has not been lacking in diligence. *Expedition for its own sake is not the goal.* (Emphasis supplied in original)

Implicit in the foregoing statement is that the trial court must exercise its discretion—and exercise it carefully—before entering an order which operates as an adjudication on the merits (thereby barring *any* adjudication on the merits). It is, of course, perfectly clear that when *a clerk of a court dismisses countless cases with a rubber stamp there has been no individualized consideration and no exercise of discretion by a judge.* (Emphasis added) 33 Mich.App. at 88–89.

This distinction is critical, as the Supreme Court at 385 Mich. 785 (1971) peremptorily reversed in a unanimous order the *Green* decision, thereby giving support to the view espoused by Judge Levin in *Caughey* and in dissent in *Green*. In accord with this interpretation of the *Green* reversal is *Macomb Concrete Corporation v. The Wexford Corporation*, 37 Mich.App. 423, 195 N.W.2d 93 (1971), wherein the Court of Appeals acknowledged that the Levin limitation of *Caughey* to "housecleaning" dismissals found support in the peremptory order of the Supreme Court.

 It is well settled that a district court is bound in a diversity case to follow published decisions of intermediate state appellate courts in the absence of any opinion of the highest state court, unless it is convinced by persuasive data that the highest state court would rule otherwise. *Ruth v. Bituminous Casualty Corporation*, 427 F.2d 290 (CA 6 1970); *Hoover Ball and Bearing v. Pinkerton's, Inc.*, 500 F.Supp. 673 (WD Mich 1980). Here, the only exposition by the Michigan Supreme Court on the issue at hand has been the summary reversal of *Green* and, more importantly, the Court Rules themselves. In Michigan, the Supreme Court has the authority to adopt rules of procedure for all courts of record in the state. This pervasive power is derived from the Michigan Constitution of 1963 Article VI, Section 5: "the Supreme Court shall by general rule establish, modify, amend and simplify the practice and procedure in all courts of this state..." See *Guastello v. Citizens Mutual Insurance Company*, 11 Mich.App. 120, 160 N.W.2d 725 (1968). Hence, the language of the court rules in question must also guide this Court and, as already noted, those rules are conspicuously silent regarding whether a no progress dismissal is or is not an adjudication upon the merits.

Taking the foregoing into consideration, I am persuaded that the Supreme Court has recognized that some no progress dismissals are adjudications on the merits and some are not; i.e. the Supreme Court has in essence, adopted the distinction drawn by Judge, now Justice, Levin.

Indeed, it is my opinion that the Michigan Supreme Court would consider that the case *sub judice* was subjected to individualized consideration and, therefore, dismissed with prejudice. The St. Joseph County Circuit Court order of dismissal discloses that, prior to the entry of judgment by Judge James Noecker, counsel for the Plaintiff and Defendant submitted written letters containing a statement of position as to whether

the case should be dismissed or retained. Additionally, Judge Noecker had the benefit of being able to review the contents of the Court file and record. After a review of the foregoing, Judge Noecker drafted an order of dismissal. See Appendix A. That order clearly establishes that the decision to dismiss Plaintiff's case was arrived at after individualized consideration of the afore-stated documents and after a clear exercise of discretion. The order is not a "rubber stamp" or "housecleaning" dismissal. Such a decision, therefore, must be considered an adjudication upon the merits pursuant to GCR 1963 504.2 and, consequently, the doctrine of *res judicata* acts as a bar to the reinstitution of that action in this Court. Accordingly, the Defendant's Motion for Judgment on the Pleadings is hereby granted.

## APPENDIX A

### STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF ST. JOSEPH

RALPH WILKIE,

 Plaintiff

v No. 80–495

SCHWAN'S SALES ENTERPRISES, INC.
a foreign corporation,

 Defendant.

_____/

## ORDER OF DISMISSAL FOR LACK OF PROGRESS

At a session of said Court held in the Courthouse in the Village of Centreville in said county on October 16, 1981;

PRESENT: HON. JAMES NOECKER, Circuit Judge

The above entitled cause having been scheduled for the call of the no progress calendar for the opening of the October term of said Court on October 13, 1981, and the Court having received letters from counsel for both parties requesting that this cause be saved and dismissed, respectively, from which it appears that the plaintiff has failed to demonstrate that his failure to take steps or proceedings in the past year was not due to his own fault or lack of reasonable diligence;

IT IS THEREFORE ORDERED, that the above entitled cause be and hereby is dismissed for lack of progress pursuant to GCR 1963, 501.3.

### Exhibit D