CARTER v SOUTHEASTERN MICHIGAN TRANSPORTATION
AUTHORITY

Docket No. 73766. Submitted April 5, 1984, at Detroit.—Decided June
    5, 1984. Leave to appeal applied for.

    James L. Carter brought an action in federal district court
    against his former employer, Southeastern Michigan Transpor-
    tation Authority, alleging that his discharge from employment
    violated the federal Civil Rights Act. He and his wife, Valerie
    H. Carter, brought an action in the Wayne Circuit Court
    against SEMTA, alleging that he had been discharged in viola-
    tion of an employment contract. The case in federal court was
    dismissed with prejudice for failure to obey orders of the court
    to attend a pretrial conference and for lack of progress. The
    circuit court, Thomas J. Brennan, J., then granted accelerated
    judgment for defendant on the basis of res judicata. Plaintiffs
    appealed. *Held:*

    An involuntary dismissal with prejudice of an action in
    federal court was entitled to res judicata effect in a state court
    action where the two actions arose out of the same transaction,
    involved points which properly belonged to the subject of
    litigation and involved the same matter in issue and where the
    dismissal was a discretionary determination of the federal
    judge based on the individual facts of the case. The fact that
    the state action was commenced before the federal judgment
    was entered does not alter this result.

    Affirmed.

1. JUDGMENTS — RES JUDICATA.

    The plea of res judicata applies, except in special cases, not only
    to points upon which the court was actually required by the
    parties to form an opinion and pronounce a judgment but to
    every point which properly belonged to the subject of litigation
    and which the parties, exercising reasonable diligence, might
    have brought forward at the time.

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 394 *et seq.*
[2] 46 Am Jur 2d, Judgments § 479 *et seq.*

2. JUDGMENTS — FEDERAL COURTS — STATE COURTS — RES JUDICATA.

An involuntary dismissal with prejudice of an action in federal court was entitled to res judicata effect in a state court action where the two actions arose out of the same transaction, involved points which properly belonged to the subject of litigation and involved the same matter in issue and where the dismissal was a discretionary determination of the federal judge based on the individual facts of the case; the fact that the state action was commenced before the federal judgment was entered does not alter this result.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Kathleen L. Bogas*), for plaintiffs.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Thomas G. Kienbaum* and *Maureen H. Burke*), for defendant.

Before: ALLEN, P.J., and V. J. BRENNAN and R. M. DANIELS,* JJ.

PER CURIAM. In December 1981, James L. Carter *in propria persona* filed a complaint in the United States District Court for the Eastern District of Michigan claiming that he had been discharged from his employment with defendant in violation of Title VII of the Civil Rights Act. Carter subsequently retained an attorney and, on January 25, 1982, he and his wife filed an action in the Wayne Circuit Court alleging that he had been discharged by defendant in violation of an employment contract.[1] The federal action was dimissed on October 22, 1982, due to James Carter's failure to obey orders of the court to attend the final (and apparently the second scheduled) pretrial conference

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff's claim is based on the contract theory discussed in *Touissant v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980).

and for lack of progress. Thereafter, defendant moved for accelerated and/or summary judgment on the grounds of res judicata and failure to exhaust contractual remedies. Due to the withdrawal of plaintiffs' attorney, they were granted additional time to obtain substitute counsel and prepare for the motion. On March 4, 1983, defendant's motions were denied, but on rehearing, the trial court, by opinion dated August 23, 1983, and by order dated September 7, 1983, granted defendant's motion for accelerated judgment on the basis of res judicata.

We find that the instant case is controlled by *Brownridge v Michigan Mutual Ins Co,* 115 Mich App 745; 321 NW2d 798 (1982), and, thus, affirm the judgment rendered below. In *Brownridge,* the plaintiff had initially filed an action in federal court claiming that her discharge was the result of sex discrimination. Pursuant to stipulation, the action was dismissed with prejudice. Prior to the dismissal of the federal action, plaintiff had filed suit in state court alleging that her discharge was the result of her refusal to engage in certain discriminatory "redlining" practices.

Michigan has adopted the broad application of the rule of res judicata. *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980); *Gursten v Kenney,* 375 Mich 330; 134 NW2d 764 (1965). Under this theory, claims that were actually litigated are barred from the second action, as well as "those claims arising out of the same transaction which plaintiff would have brought, but did not". *Gose, supra,* p 160. Further explication of the scope of the doctrine is found in *Harrington v Huff & Mitchell Co,* 155 Mich 139, 142; 118 NW 924 (1908), where the Supreme Court stated:

"The plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

We find that the present factual situation is almost identical to the situation which existed in *Brownridge* and agree with the *Brownridge* panel that because "both actions arose out of the same discharge from employment, both actions arose 'out of the same transaction', both actions involved 'point[s] which properly belonged to the subject of litigation', and both involved 'the same matter in issue' ". 115 Mich App 748. Had plaintiff sought to have his state claim joined with his federal case, the federal judge would have had the discretion to hear and decide the issue under the court's pendent jurisdiction. See, *e.g., United Mine Workers of America v Gibbs,* 383 US 715; 86 S Ct 1130; 16 L Ed 2d 218 (1966).

Unlike *Brownridge,* the present case involves not a voluntary dismissal but an involuntary dismissal for failure to comply with court orders and for lack of progress. Both dismissals were with prejudice. The question is whether the October 22, 1982, dismissal of plaintiff's federal action constitutes an adjudication on the merits. Based on federal and state authority, we find that, under the circumstances of this case, the dismissal is a final judgment on the merits.

An involuntary dismissal pursuant to Fed R Civ P 41(b) is an adjudication on the merits unless the court in its order of dismissal provides otherwise. Dismissal under this rule is proper for plaintiff's failure to prosecute or for plaintiff's failure to

comply with the court rules or any order of the court. 2B Barron & Holtzoff, Federal Practice & Procedure, § 916, pp 134-135. Although it is recognized that a dismissal with prejudice is a harsh and drastic sanction, the matter resides within the discretion of the federal trial court. 2B Barron & Holtzoff, Federal Practice & Procedure, §§ 917-918, pp 136-145. While such a dismissal may be overturned, it appears that plaintiff has made no attempt to appeal the dismissal or to reinstate his case and has made no claim of excuse or justification for the failure to prosecute the federal action.

Similarly, in Michigan practice, an involuntary dismissal due to plaintiff's failure to comply with the court rules or any order of the court will operate as an adjudication on the merits unless the order of dismissal provides otherwise. GCR 1963, 504.2. While a ministerial "no-progress" dismissal might not constitute an adjudication on the merits, a dismissal on motion of the defendant and by order of the court, after judicial consideration, would most likely be considered an adjudication on the merits. *Caughey v Rozycki,* 22 Mich App 317; 177 NW2d 257 (1970); *Corley v Krawczak,* 34 Mich App 472; 191 NW2d 514 (1971); *Green v Wayne Soap Co,* 33 Mich App 74; 189 NW2d 729 (1971), *rev'd* 385 Mich 785; 189 NW2d 220 (1971). While recognizing that the federal court dismissal was not preceded by a motion to dismiss by defendant, we find that the order was not a ministerial dismissal entered in a routine fashion but, instead, was a discretionary determination of the federal judge based on the individual facts of the case. We believe that under both federal and Michigan law, the involuntary dismissal was an adjudication on the merits, thus barring plaintiff's state action.

We have considered plaintiffs' allegation of error

and find that the trial court properly granted defendant's motion for accelerated judgment based on the prior dismissal of the federal claim. Although cognizant of the fact that plaintiff James Carter proceeded *in propria persona* in federal court, we are not persuaded that his decision to act without the aid of counsel entitles him to the relief he seeks. He was apparently able to obtain counsel within a short time after he filed his federal court action. We believe that, in the exercise of reasonable diligence, he could have brought all issues involved in his discharge in a single proceeding.

Affirmed.